MARTIN MILLER V. THE STATE.

No. 4317. Decided May 16, 1917.

### 1.—Burglary—Private Residence—Statutes Construed—Indictment.

Burglary of a private residence at night is a separate and distinct offense from burglary at night of a house other than a private residence, and it is a separate and distinct offense from burglary committed in the daytime by breaking and entering a house whether a private residence or not.

### 2.—Same—Rule Stated—Definition of Offense.

Where the proof shows without controversy burglary of a private residence at night, a conviction for ordinary burglary will be set aside, the two offenses being separate and distinct. Following Jones v. State, 47 Texas Crim. Rep., 126, and other cases.

### 3.—Same—Charge of Court—Rule Stated.

Where the proof showed a burglary of a private residence at night, the court should not charge ordinary burglary. Following Rogers v. State, 59 Texas Crim. Rep., 146, and other cases.

### 4.—Same—Statutes Construed—Cases Distinguished.

It has been held that article 841, Penal Code, was but an addition to articles 838 and 839, and thereby read article 841 into articles 838 and 839 (now 1303 and 1304), but a private-residence night burglary is an entirely new and distinct offense, and these articles should not be read into the articles creating night burglary of a residence, as they have no application thereto. Distinguishing Railey v. State, 58 Texas Crim. Rep., 1, and other cases.

**5.—Same—Rule Stated—Intent—Felony—Theft—Shooting Into House.**

If the statute is upheld, as the language imports, then a night-time burglary of a private residence, being a distinct and separate offense from other burglaries, the allegation in the indictment must conform to the definition, and in order to do so, it must charge a private-residence burglary at night with the intent of committing a felony of theft, and shooting into a house to injure does not charge a felony.

**6.—Same—Indictment—Shooting Into House—Intent—Burglary.**

Where, upon trial of burglary of a private residence in the night-time, by shooting into a house, etc., the indictment failed to charge that it was the intent of the defendant to commit felony or theft, the same was insufficient on motion to quash.

Appeal from the District Court of Colorado. Tried below before the Hon. M. Kennon.

Appeal from a conviction of a night-time burglary of a private residence; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Jos. V. Frnka,* for appellant.—Cited cases in opinion.

*C. C. McDonald,* for the State.—Cited cases in opinion.

DAVIDSON, PRESIDING JUDGE.—The indictment charges that appellant did unlawfully by force, and at night, discharge firearms, towit: a gun, into the house of Walter Hill with the intent to injure him, the said Walter Hill, who was then and there in said house; the said house being then and there occupied and actually used by the said Walter Hill as a private residence, against the peace and dignity of the State.

It will be seen from the allegations that the pleader was undertaking to charge a violation of the statute which prohibits burglary at night of a private residence.

The statute provides that the punishment for this offense shall not be less than five years, fixing no maximum. The indictment is assailed in various ways, but substantially that it does not charge the elements of burglary of a private residence. Article 1305, Revised Penal Code, reads as follows: "The offense of burglary of a private residence is constituted by entering a private residence by force, threats or fraud, at night, or in any manner by entering a private residence at any time, either day or night, and remaining concealed therein until night, with the intent, in either case, of committing a felony, or the crime of theft." It will be noticed this statute limits the offense intended to be committed to a felony or theft. Article 1313 of the Penal Code provides: "Nothing in articles 1305 and 1312 shall be construed to alter or in any manner repeal articles 1303 and 1304, nor any part thereof, but shall be construed to make burglary of a private residence at night a separate and distinct offense from burglary as defined by articles 1303 and 1304. Article 1303 punishes burglary when committed by entering a house by force, threats or fraud at night, or by

entering a house at any time, either day or night, and remaining concealed therein, with the intent in either case of committing a felony or the crime of theft. Article 1304 punishes a daytime burglary by breaking with intent to commit a felony or theft."

So it will be seen that the statute with reference to burglary of a private house is an independent and separate offense from any other burglary. Branch's Crim. Law, sec. 159. The ordinary burglary indictment will not support a conviction for breaking a private residence, nor will an indictment for breaking a private residence sustain a conviction for any other burglary, either day or night, and this by express terms of the statute. The definition of a private residence is set out in article 1314 of the Penal Code. The decisions hold that daytime burglary of a private residence is not affected by the Act of June 5, 1899, relating to burglary of a private residence at night, but is left as an offense under the old statute defining burglary of a house. Branch's Crim. Law, sec. 159. These cases are collated also by Mr. Branch in his valuable Annotated Penal Code on page 1289 and section 2354. It is also held that where a private residence is burglarized in the daytime, it is an ordinary burglary, and punishment therefor is the same as for ordinary burglary. These cases are collated in the same section; and it is also the law that burglary of a private residence at night is a separate and distinct offense from the burglary at night of a house other than a private residence as defined by article 1303 of the Penal Code, and is a separate and distinct offense from burglary committed in the daytime by breaking and entering a house, whether a private residence or not, as defined by article 1304 of the Penal Code. Sustaining this, Mr. Branch in the same note has collated a great number of authorities. It was also held in Jones v. State, 47 Texas Crim. Rep., 126, and Martinez v. State, 47 Texas Crim. Rep., 528, that where the proof shows, without controversy, burglary of a private residence at night, a conviction for ordinary burglary will be set aside, the two offenses being separate and distinct. It was also held in the Jones case, supra, and Rogers v. State, 59 Texas Crim. Rep., 146, that where the proof shows there was a burglary of a private residence at night the court should not charge ordinary burglary. Of course, the charge of the court must follow the allegations in the indictment, and submit only for the consideration of the jury such allegations.

We are cited to the cases of Garner v. State, 31 Texas Crim. Rep., 22; Railey v. State, 58 Texas Crim. Rep., 1; Windham v. State, 59 Texas Crim. Rep., 366, and Gradington v. State, 69 Texas Crim. Rep., 595, in support of the sufficiency of the indictment and the ruling of the court in sustaining it. All of these cases, except Railey v. State, charged that the burglary was committed with the intent to commit a felony, but none except the Windham case were charged as private residences. The Windham case was burglary of a private residence at night with the intent to commit murder, which was a felony. The Railey case was a burglary under the daytime statute, and he was

charged with shooting into a house with intent to injure, the other cases with intent to commit felony. The Railey case, supra, is not in point in this case under terms of the statute. It alleged a daytime burglary—not a night-time burglary of a private residence. The statute makes these distinct and different offenses, and the decisions all hold that a conviction for daytime burglary can not be had under an indictment charging a night-time private residence burglary, and vice versa. So the Railey case is not authority here. The Railey case holds that article 841 was "but an addition to articles 838 and 839," and thereby read article 841 into articles 838 and 839. A private residence night burglary is an entirely new and distinct offense, and old articles 838 and 839 (now 1303 and 1304) should not be read into these articles creating night burglary of the residence. They have no application to night burglary of a private residence. If the statute is upheld as the language imports, then a night-time burglary of a private residence being a distinct and separate offense from other burglaries, the allegations must conform to the definition, and in order to do so it must charge a private residence burglary at night with the purpose or intent of committing a felony or theft. Shooting into a house to injure does not charge a felony. If the proposition is to be maintained correctly under the language of intent to injure, then any shooting into a private residence at night would be a violation of the burglary law, the other ingredients being present, whether it was a felony or not. The writer has never so understood the law to be not even under the opinion in Railey v. State, supra. Inasmuch as the statute defining burglary of a private residence limits it to night-time and the intent to commit a felony or the crime of theft, it occurs to the writer that under that statute in order to constitute this offense the indictment must charge night-time burglary for the purpose of committing some felony or theft. It would not do to say, under that statute, that to commit a misdemeanor would be a violation of that statute, unless it be theft. Article 841, now 1307, is not a part of nor to be read into article 839a, now 1305, and articles 1312 and 1313. Breaking a house for the purpose of engaging in a fist fight or committing a misdemeanor, except the crime of theft, would not be within the contemplation of the definition of burglary of a private residence at night. There must be the purpose to commit a felony or the crime of theft. Therefore, it occurs to the writer that this indictment does not charge a burglary under the private residence statute, and the motion should have been sustained and the indictment quashed.

The judgment, therefore, will be reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*