### R. L. HUNT v. THE STATE.

No. 4770. Decided January 16, 1918.

**Burglary—Private Residence—Statute Construed.**

Upon trial of burglary by wilfully discharging firearms into a dwelling house in the night-time with intent to injure, etc., a conviction for ordinary burglary could not be had, as the defendant could only be convicted for burglary of a private residence under article 1312, P. C. Following Curtis v. State, 76 Texas Crim. Rep., 660.

Appeal from the District Court of Bastrop. Tried below before the Hon. R. J. Alexander.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Maynard & Maynard,* for appellant.—Where the undisputed evidence shows the shooting at night into a private residence occupied by a family, a conviction can not be had under an indictment for burglary in the ordinary form. Martinus v. State, 47 Texas Crim. Rep., 528; Sedgwick v. State, 57 id., 420; Malley v. State, 58 id., 425; Rodgers v. State, 59 id., 146; Alinis v. State, 63 id., 272; Miller v. State, 195 S. W. Rep., 192.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant appeals from a judgment and sentence condemning him to confinement in the State penitentiary for two years for the offense of burglary.

The count in the indictment upon which the conviction is based is as follows: "That in said County of Bastrop and State of Texas, on or about the 20th day of December, A. D. 1915, and before the presentment of this indictment, R. L. Hunt then and there unlawfully, fraudulently, burglariously and wilfully, in the night-time, by force, towit: by firearms, viz: a gun, discharged said gun into the dwelling house of said John Machen, without the consent of the said John Machen and with the intent then and there and thereby, to injure the said John Machen, he, the said John Machen, then and there being within said dwelling house."

The punishment authorized by the charge of the court, and found by the jury was that set out in article 1311, being the punishment for ordinary burglary as defined by article 1303, as contradistinguished from that prescribed for burglary of a private residence by article 1312, Penal Code.

From the evidence relied upon by the State it appears that upon the night of December 20, 1915, the appellant was at the private residence of John Machen, which at the time was occupied by the said Machen and his family, consisting of his wife and children; that a quarrel took place, growing out of the claim by Machen that appellant had attached some cotton. A fight ensued in which appellant was hit several times by Machen. Appellant left Machen's house and went to his own, which was nearby, and got possession of his gun, and returning, fired at Machen, who was on the porch. Machen also fired, and several shots were exchanged. Machen, his wife, who was in the house, and appellant were wounded. This happened at night at the private residence of Machen, then occupied by Machen, and under the statute

and decisions of this State could not and would not sustain a conviction for the offense of which appellant was convicted. This is held in Curtis v. State, 76 Texas Crim. Rep., 660, and in Miller v. State, 81 Texas Crim. Rep., 237, 195 S. W. Rep., 192.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*