## BILL DODD V. THE STATE.

No. 11270.   Delivered December 21, 1927.

**1.—Burglary—Allegations and Proof—Variance Fatal.**

Where the indictment charged an ordinary burglary of a house under Arts. 1389 and 1390, P. C. of 1925, and the evidence established a burglary of a private residence in the nighttime, the variance is fatal.

**2.—Same—Continued.**

Our statutes, Art. 1391, P. C., denouncing the offense of burglary of a private residence at night expressly declares "Such burglary is a distinct offense and nothing making it such shall alter or repeal the two preceding articles" (Arts. 1389 and 1390, P. C.), and it has been many times declared by this court that a conviction for ordinary burglary cannot be sustained where the proof shows a burglary of a private residence at night.   See Martinus v. State, 47 Tex. Crim. Rep. 239, and Robinson v. State, 82 Tex. Crim. Rep. 579.

Appeal from the District Court of Upshur County.   Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

*Florence & Florence* of Gilmer, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is burglary, punishment fixed at confinement in the penitentiary for a period of two years.

In the indictment the entry of the house of R. G. Friddle for the purpose of theft is charged. The proof made was that the *private residence* of R. G. Friddle was entered for the purpose of theft at nighttime. Under Arts. 1389 and 1390, P. C., 1925, the penalty for the burglary of a house, whether committed in the daytime or nighttime, is confinement in the penitentiary for not less than two nor more than twelve years. In Art. 1391, P. C., 1925, the offense of burglary of a *private residence at night* is denounced under a penalty of confinement in the penitentiary for any term of years not less than five. The statute, in express terms, says:

"Such burglary is a distinct offense, and nothing making it such shall alter or repeal the two preceding articles," namely, the two mentioned above. In view of the terms of the statute denouncing the offense of burglary of a *private residence at night* and the fact that the penalty is much greater than that prescribed for *ordinary burglary* of a *house,* and the declaration in the statute that the offense of *burglary* of a *private residence at night is a distinct offense,* different from that of ordinary burglary, this court declared soon after the passage of Art. 1391 that where the indictment was drawn under Art. 1389 or 1390, supra, charging ordinary burglary, and the proof showed that if there was an offense it was a nighttime burglary of a private residence, the conviction could not stand on appeal. Such announcement by this court has been repeated whenever the question has arisen. See Martinus v. State, 47 Tex. Crim. Rep. 528; Miller v. State, 81 Tex. Crim. Rep. 239; Robinson v. State, 82 Tex. Crim. Rep. 579. In reaching this conclusion, the court assumed that the legislature, in creating the distinct offense of nighttime burglary of a private residence and fixing the penalty much greater than that for ordinary burglary, did not intend that one could escape the consequences of the greater offense

through an act of the prosecution in charging the lesser offense. At all events, whatever the reason, the law, as stated above, has been long settled, and the facts in the present case demanded its application. In refusing to give it effect, the trial court fell into error requiring a reversal of the judgment, which is accordingly done.

*Reversed and remanded.*