FRANCISCO RODRIGUEZ GAMEZ V. STATE.

No. 24550. December 14, 1949.

No attorney for appellant of record on appeal.

*George P. Blackburn*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for burglary; the punishment, two years in the penitentiary.

The indictment contained three counts. Only the first two counts were submitted to the jury. The first count charged burglary of the house of Sawyer, under Art. 1390, P. C.; the second count charged the nighttime burglary of the private residence of Sawyer, under Art. 1391, P. C. The jury expressly found appellant guilty under the first count.

It is insisted that the facts do not warrant the conviction.

The house burglarized was the private residence of Sawyer, occupied and actually used by him as such.

According to the testimony of Sawyer, the burglary occurred at night while he and his wife were attending a picture show. He says that he and his wife left home after dark and returned about 11:30 o'clock the same night, at which time the burglary was discovered. According to Sawyer's testimony, the offense committed was nighttime burglary of his private residence.

Nighttime burglary of a private residence (Art. 1391, P. C.) is a separate and distinct offense from that of burglary, generally (Art. 1390, P. C.). Trevino v. State, 121 Tex. Cr. R. 28, 51 S. W. 2d 710.

A conviction for burglary is not sustained by proof showing the nighttime burglary of a private residence. Shaffer v. State, 137 Tex. Cr. R. 476, 132 S. W. 2d 263; Dodd v. State, 108 Tex. Cr. R. 375, 1 S. W. 2d 292; Crawford v. State, 127 Tex. Cr. R. 550, 78 S. W. 2d 623.

Because the evidence does not support the conviction, the judgment is reversed and the cause is remanded.

Opinion approved by the court.