**STATE of Missouri, Respondent,**

v.

**Charles Ross BURNHAM, Appellant.**

**No. KCD 26455.**

Missouri Court of Appeals,
Kansas City District.

Nov. 5, 1973.

Richard Bell and Gary C. Clifton, Kansas City, for appellant.

John C. Danforth, Atty. Gen., David Robards, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and PRITCHARD and SOMERVILLE, JJ.

PRITCHARD, Judge.

Upon a finding of guilty by a jury of a charge of second degree burglary and of stealing in conjunction with burglary, appellant, as a second offender, was sentenced by the court to imprisonment in the Department of Corrections for terms of seven years and three years, respectively, for each offense, to be served concurrently.

The dispositive issue presented by appellant is whether there was a fatal variance from the charge contained in the amended information and the proof adduced by the state. The information charged that appellant "did wilfully, unlawfully and feloni-ously and burglariously, forcibly break and enter a certain building located at Route 4, Butler, Missouri, the property of Robert Jarman, with the felonious and burglarious intent to steal, take and carry away certain goods, wares, merchandise or personal property than and there kept and deposited in the said building * * *." (with the further charge of stealing therefrom a typewriter).

In his testimony Mr. Jarman described his home with respect to door and window openings and whether they were open, closed, locked or unlocked. The typewriter which was described in the information and alleged to have been stolen was on a card table in the family room of the house. When Mr. Jarman and his family returned to their home after a swimming party in Butler, Missouri, he saw appellant running out of the garage, which was attached to the house. Mr. Jarman asked another person who was present "what he was doing in my house." After appellant, the other person, and a woman who was in the car drove away, Mr. Jarman went toward the house and found a roll of correction tape on the driveway. The tape had been on the top of the typewriter in the family room of the house. All of the testimony had reference to the house and no other building on the premises was mentioned as having been broken and entered. On cross-examination, Mr. Jarman elaborated: "Q. Incidentally, while we are talking about it, this is your dwelling house, isn't it? A. Yes. Q. You all reside there. Do you have any outbuildings? A. Not close."

Instruction No. 3 authorized the jury to find appellant guilty of the offense of bur-glary in the second degree upon these hypotheses: "First, that on or about the 7th day of September, 1970 in the County of Bates, State of Missouri, the defendant by the use of force, however slight, opened a closed door, of the dwelling house of Mr. and Mrs. Robert Jarman located at Route 4, Butler, Missouri and entered therein, and Second, that he did so with the intent to steal property therein, * * *." The

jury returned a verdict of appellant's guilt of burglary in the second degree "as submitted in Instruction No. 3."

It is apparent that the charge in the amended information was laid under § 560.070, RSMo 1969 V.A.M.S.: "Every person who shall be convicted of breaking and entering any building, the breaking and entering of which shall not be declared by any statute of this state to be burglary in the first degree, or any booth or tent, or any boat or vessel, or railroad car in which there shall be at the time any human being or any goods, wares, merchandise or other valuable thing kept or deposited, with the intent to steal or commit any crime therein, shall, on conviction, be adjudged guilty of burglary in the second degree."

The evidence here would support a conviction under the hypotheses of Instruction No. 3, supra, which comes within § 560.-045: "Every person who shall be convicted of breaking into a dwelling house, with intent to commit a felony or any larceny, but under such circumstances as shall not constitute the offense of burglary in the first degree, shall be deemed guilty of burglary in the second degree."

■ Without doubt, the two above quoted burglary statutes constitute separate and distinct offenses. The facts necessary to support a charge upon one would not support a charge upon the other. A "dwelling" is specifically mentioned in § 560.045, which if broken into to commit a felony or to steal comprises the offense of burglary in the second degree. "Dwelling" is not mentioned in § 560.070 as being "any building * * * in which there shall be at any time any * * * goods, wares, merchandise or other valuable thing kept or deposited" which building if broken and entered with intent to steal or commit any crime therein, shall also constitute burglary in the second degree. It is obvious that the Legislature, by the enactment of these two sections, and by prescribing different factual elements underlying the proscribed offenses, intended that they be separate and distinct. Thus, the state's basic argument that a "dwelling house" is a "building" is not persuasive. The cases it cites do not support the argument. State v. Boone, 490 S.W.2d 318 (Mo.App.1973) [a companion case to this one and involving the same facts] had no issue of the variance here presented, but was a contended variance between the charge and the proof, which contention was not reviewable because not raised in the motion for new trial, and related only to the stealing charge. Regardless of the lack of preservation of the contention for appeal, the court said the allegation of a walkie-talkie being stolen was mere surplusage, and the variance was not material nor prejudicial to defendant. State v. Eaton, 394 S.W.2d 402 (Mo.1965), held merely that the legal status of the owner of the store building need not be alleged, and the information fairly advised the accused of the nature of the crime therein specified. [Undoubtedly, the reference to § 560.045, RSMo 1959, V.A.M.S., at page 404 of the Eaton case, is erroneous.] In State v. Goff, 490 S.W.2d 88 (Mo.1973), the charge was under § 560.-045 for burglary of a dwelling house, and the court regarded as surplusage the additional allegation that the dwelling house was a building in which " 'divers goods, wares, merchandise, and valuable things were then and there kept and deposited.' " Other cases cited by the state are of like import and are distinguishable.

There is no case in Missouri deciding the issue of variance in the charge under § 560.070, and the proof made under § 560.-045. State v. Richardson, 343 S.W.2d 51 (Mo.1961), is helpful. There the defendant was charged and convicted of driving while intoxicated and contended that he was entitled to an instruction on the lesser included "offense of careless and reckless driving". The court held that the latter offense was not one included in the offense of driving while intoxicated, and that there was no error in failing to instruct on the law of careless and reckless driving. In passing, the court did remark, loc. cit. 343 S.W.2d 55 [9, 10], "Generally, if a

person is charged under one section of the statutes and the evidence shows him guilty of violating another section, the defendant may not be convicted of such other offense unless the indictment or information is broad enough to include the other offense within its terms. State v. Hamill, 127 Mo.App. 661, 106 S.W. 1103." [1908] Certainly, the charge here of breaking and entering *a certain building* with intent to steal certain goods and merchandise therein kept is not broad enough to include opening a closed door, by force, of *a dwelling house* with intent to steal.

The few cases from other states which have been found are also helpful. One is State v. McDowell, 1 N.C.App. 361, 161 S. E.2d 769 (1968). There defendants were charged with breaking and entering "any storehouse, shop, warehouse, banking house, countinghouse or other building where any merchandise, chattel, money, valuable security or other property shall be, * * *." The proof tended to show guilt of breaking and entering a dwelling house. It was held that the statute condemned three separate felonies, and that there was a fatal variance between the charge and the proof. "[T]he State must charge the offense it intends to prove; it is upon the offense charged that a defendant must predicate his plea of former jeopardy. It is the settled rule that the evidence in a criminal case must correspond with the allegations of the indictment which are essential and material to charge the offense. This rule is based upon the requirements that the accused shall be definitely informed as to the charges against him, and that he may be protected against another prosecution for the same offense. * * * If these convictions were allowed to stand upon these bills of indictment, the defendants could not successfully plead former jeopardy if later charged in bills of indictment with the offense of breaking or entering the *dwelling house* of Joel and Juanita Loflin, as provided in the first portion of G.S. § 14–54." · [Loc. cit. 161 S.E.2d 771, 772.] In Moore v. State, 35

Ala.App. 160, 44 So.2d 789 (1950), the defendant was charged in two counts with (1) burglary of an uninhabited dwelling house; and (2) burglary of a building in which goods, wares and household furniture, things of value, were kept for use, sale or deposit. The jury returned a general verdict of guilt as charged in the indictment. Held, the building, when burglarized, was an uninhabited dwelling, which sustained the first count, but which fact demanded the reversal of judgment on the second count.

In Texas, the rule seems to be the same as in the foregoing two cases. In Miller v. State, 81 Tex.Cr. 237, 195 S.W. 192, 193 (1917), it was said, "The ordinary burglary indictment will not support a conviction for breaking a private residence, nor will an indictment for breaking a private residence sustain a conviction for any other burglary, either day or night, and this by express terms of the statute." A conviction there was reversed and the prosecution dismissed because, as held, a burglary of a private house is an independent and separate offense from any other burglary. Dodd v. State, 108 Tex.Cr.R. 375, 1 S.W. 2d 292 (1927), held that a conviction could not stand because the indictment charged entry of the *house* of R. G. Friddle for the purpose of theft. The proof was that the *private residence* of R. G. Friddle was entered for the purpose of theft at nighttime. Under the statute, as charged, the penalty was imprisonment for not less than 2 nor more than 12 years, and defendant received a sentence of 2 years. Under the separate statute, in which it was expressly to be a separate offense, burglary of a private residence at night (which was the proof) carried a penalty of not less than 5 years imprisonment. In Foster v. State, 110 Tex.Cr.R. 594, 9 S.W.2d 1037 (1928), it was held that a conviction, under testimony which showed the burglary was of a private residence at night, could not be under an indictment charging burglary in the ordinary form. The conviction was not sustained in Martin v. State, 123 Tex.Cr.R.

82, 57 S.W.2d 1104 (1933), where the evidence showed burglary of a tent, held to be a "private residence", and the charge was of burglary in the ordinary form. See also Litchfield v. State, 159 Tex.Cr.R. 5, 259 S.W.2d 228 [2] (1953), reiterating the Texas rule, and again stating that the statute there expressly provided that burglary of a private residence at night is a separate offense; and 5 Wharton's Criminal Law and Procedure, § 2054, p. 199, et seq.

The statute of jeofails, § 546.080, RSMo 1969, V.A.M.S. (Rule 26.04, V.A.M.R.), in its words that a variance shall not be material if "in the name or description of any matter or thing whatsoever therein named or described, * * * unless the court before which the trial shall be had shall find that such variance is material to the merits of the case and prejudicial to the defense of the defendant.", is of no aid. "To be material the variance must go to the extent of showing that the offense proved is not the offense charged." 42 C.J.S. Indictments and Informations § 254, p. 1275. That is precisely the situation here. In State v. Burgess, 268 Mo. 407, 188 S.W. 135, 138 (1916), the defendant was charged with intent to embezzle, tried for actual embezzlement, and was found guilty of larceny, there being no submission of the offense charged, and no finding thereon by the jury. The court said, "The Bill of Rights entitles a person to be informed of the nature and cause of the accusation against him, and he cannot be brought into court to answer one charge, and be convicted upon an entirely different one." Compare also State v. Stewart, 228 Mo.App. 187, 63 S.W.2d 210, 213 [8–10] (1933); and State v. White, 431 S.W.2d 182, 186 [5, 6] (Mo.1968). Not only was appellant entitled to be informed of the precise charge against him that the state would endeavor to prove, but he is not to be deprived of a future defense of former jeopardy. State v. McDowell, supra. The charge here was of burglary of a building wherein goods and merchandise, etc., were kept. The jury found appellant's guilt of burglary in the second degree upon proof that it was a dwelling house that was entered. Under the charge of § 560.070 in the amended information, which would control a defense of former jeopardy (21 Am.Jur.2d Criminal Law, § 182, p. 239), it is possible that appellant could again be put to trial under § 560.045. See 22 C.J.S. Criminal Law § 243, p. 642. The failure of proof as to the charge in the amended information and the variance are fatal to the judgment rendered. The amended information was not defective, and was not so indefinite as to fail to inform appellant of the charge. Compare State v. Ball, 432 S.W.2d 265, 266 [1] (Mo.1968). Appellant did not waive the matter of variance between the charge and the proof by failure to request a bill of particulars under Rule 24.03.

Appellant next complains that a procedure followed by the Jarmans in viewing photographs produced by investigating officers was unduly suggestive. There was a pre-trial hearing on appellant's motion to suppress any in-court identification of appellant (which identification was not positively made but all the in-court testimony at the trial had reference to appellant). During that hearing the court determined that the Jarmans had ample opportunity to observe appellant at the scene of the burglary so that any in-court identification of him had a sufficient independent basis. From a review of the record and a consideration of the "totality of the circumstances [Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); State v. Carey, 486 S.W.2d 443 (Mo.1972)], there appears to be no error in the court's action in overruling the motion to suppress.

The judgment is reversed.

All concur.