**STATE of Missouri, Respondent,**

v.

**Milo LENZING, Appellant.**

No. 59851.

Supreme Court of Missouri,
En Banc.

June 14, 1977.

Wayne T. Schoenberg, Warrenton, for appellant.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

HENLEY, Judge.

This appeal by Milo Lenzing (defendant) from a judgment of conviction of burglary, second degree, and stealing was transferred here from the Court of Appeals after opinion by its St. Louis District and a dissent and certification by a participating judge that he deemed the majority opinion to be contrary to decisions of this court.

Defendant was charged under § 560.070,[1] with feloniously, etc., breaking and entering on August 24, 1973, a building owned by Alvin and Anna Mae Pettig, located on Schultzenground road two miles south of route "M" in Warren county, with intent to steal property kept therein and, under § 560.156, with stealing therefrom two electric guitars and an electric amplifier, the property of the Pettigs.

The sufficiency of the evidence to sustain the conviction is not challenged. Cary Lenzing, brother of defendant, testified that on August 24, 1973, he and defendant drove to a home on Schultzenground road with the intent to burglarize it; that when they arrived they drove into the driveway and stopped; that he turned the car around to head it out of the driveway and opened its trunk while defendant was determining whether anyone was at home; that having found that the house was unoccupied, defendant went around to the back and returned within a few minutes with two gui-

---

1. Section 560.070 is as follows: "Every person who shall be convicted of breaking and entering any building, the breaking and entering of which shall not be declared by any statute of this state to be burglary in the first degree, or any booth or tent, or any boat or vessel, or railroad car in which there shall be at the time any human being or any goods, wares, merchandise or other valuable thing kept or deposited, with the intent to steal or commit any crime therein, shall, on conviction, be adjudged guilty of burglary in the second degree."

References to sections of the statutes are to RSMo 1969.

tars and an amplifier; that these items were placed in the car trunk and they left. Alvin Pettig testified that when he and his family returned to their home late in the afternoon of August 24, they found that two electric guitars and an electric amplifier given by them to their daughter had been taken from her room without permission by someone who had entered the house by breaking a small glass in the basement door and reaching inside to unlock and open it.

The case was submitted to the jury on verdict directing instructions MAI–CR 7.32 [2] and 7.34. Upon return of a verdict of guilty of both offenses, the court, under the second offender act,[3] imposed a sentence of three years for the burglary and two years for the stealing. As indicated, it was from this judgment that defendant appealed to the Court of Appeals, St. Louis District.

The majority opinion of the Court of Appeals held that there was a variance in this case between the charge of "breaking and entering *a building*" with intent to steal and the proof of "breaking and entering *a dwelling house*" with intent to steal, the latter being a separate crime under § 560.-045.[4] Relying heavily upon *State v. Burnham*, 501 S.W.2d 521 (Mo.App.1973), a decision of the Kansas City District, the court sustained the contentions of defendant, holding: (1) that this variance was fatal to the judgment; (2) that evidence that the "building" entered was the Pettigs' "dwelling house" did not support the giving of MAI–CR 7.32; and (3) that §§ 560.070 and 560.045 describe offenses which are mutually exclusive; and, for these reasons this burglary conviction may not stand.

In *State v. Burnham*, supra, the court of appeals held that a defendant charged under § 560.070, relating to entering any building, could not be convicted under evidence showing entry into a dwelling. In *Burnham* the burglary charge was that of entering "a certain building," the property of Robert Jarman, with intent to steal. The evidence was that the building entered was the "dwelling house" of Jarman. The burglary was submitted on the theory that the jury could return a verdict of guilty if it found defendant entered the dwelling house of Jarman with intent to steal. The only basic distinction between these two cases is that in this case both the charge and the submission were burglary of "a building," whereas, in *Burnham* the charge was burglary of "a building," but the submission was burglary of "a dwelling house."

■ Section 560.070 and § 560.045 define and describe separate offenses both of which constitute burglary, second degree, and have the same range of punishment,[5] but the offenses are not mutually exclusive. While it is true that under the facts of this case a charge of second degree burglary laid under § 560.045 would more specifically describe the building burglarized, that does not mean that the offense described in this section excluded charging the offense under § 560.070. A "dwelling house" is a "building"; as used in § 560.045 it is, within the meaning of § 560.070, a "building, the breaking and entering of which * * * [has not been] declared by any statute * * * to be burglary in the first de-

2. MAI–CR 7.32, as given, is as follows:

"If you find and believe from the evidence beyond a reasonable doubt: First, that on or about the 24th day of August, 1973, in the County of Warren, State of Missouri, the defendant broke into a building located on Schultzenground Road, two miles south of Route M and owned by Alvin Pettig and Anna Mae Pettig, his wife, and entered therein, and

Second, that he did so with intent to steal property therein, and

Third, that at that time valuable things were kept therein, then you will find the defendant guilty of burglary in the second degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the defendant not guilty of that offense."

3. Section 556.280.

4. Section 560.045 is as follows: "Every person who is convicted of breaking into a dwelling house, with intent to commit a felony or to steal, but under such circumstances as do not constitute the offense of burglary in the first degree, shall be deemed guilty of burglary in the second degree."

5. See § 560.095.

gree." Section 560.045 does not take a "dwelling house" out of § 560.070. *State v. Stewart*, 329 Mo. 265, 44 S.W.2d 100, 102[1] (1931). See also: *State v. Barton*, 379 S.W.2d 562, 564[2,3] (Mo.1964); *State v. Fleming*, 528 S.W.2d 513, 516[7] (Mo.App. 1975); *Latham v. State*, 439 S.W.2d 737, 741[5] (Mo.1969). The evidence supported the giving of MAI–CR 7.32.

In *State v. Koen, et al.*, 468 S.W.2d 625 (Mo.1971) defendants were charged under § 559.180 with assault with intent to do great bodily harm with malice aforethought. The evidence was that the person assaulted was a police officer. Defendants were convicted of the lesser offense of assault without malice proscribed by § 559.-190. Defendants contended that it was error to charge them with assault under § 559.180 when the offense, if any, was striking a police officer engaged in the performance of his duties, a violation of § 557.-215. Ruling on this contention, the court said: "It is often true that a single act will constitute an offense under two different statutes. In that situation it is generally held that the State may elect to prosecute for either offense. See *State v. Skillman*, 228 Mo. 434, 128 S.W. 729; *State v. Shuls*, 329 Mo. 245, 44 S.W.2d 94, and 22 C.J.S. Criminal Law § 9(1), pp. 20–23. We rule that the facts shown in this case would have supported a conviction for either assault or striking a police officer, and that the State could elect to prosecute either offense." 468 S.W.2d at 629[2]. See also: *Turnbough v. State*, 533 S.W.2d 609, 613[6,-7] (Mo.App.1975); *State v. Sterling*, 536 S.W.2d 843, 850[6] (Mo.App.1976).

■ The facts in this case would have supported a conviction of either burglary of a dwelling house under § 560.045, the more specific statute, or burglary of a building under § 560.070, the more general statute. The facts support conviction of the offense charged in this case. *State v. Burnham*, supra, is overruled.

The judgment is affirmed.

SEILER, C. J., MORGAN, BARDGETT, FINCH, DONNELLY, JJ., and SHAN-GLER, Special Judge, concur.

RENDLEN, J., not sitting.

