THE STATE v. JANSON, *Appellant.*

80 97·
159 238

1.  **Practice in the Supreme Court.** Where the bill of exceptions preserves neither the motion for a new trial, nor that in arrest of judgment, the Supreme Court cannot take notice of the errors, if any, in the progress of the trial.

2.  **An Indictment** for obtaining money under false pretenses which set out such pretenses, negatived their truth and further alleged "all of which the defendant then and there well knew," *Held*, after verdict, not to be obnoxious to the objection that the *scienter* was not sufficiently averred.

3.  **An Indictment** for obtaining money under false pretenses which alleged that defendant had falsely stated that he was about to ship, and had shipped, certain goods, and that upon the faith of the coming thereof he obtained the money in question, *Held*, not obnoxious to the objection that it set out the representation of a future event merely.

*Appeal from Laclede Circuit Court.*—HON. R. W. FYAN, Judge.

AFFIRMED.

*Quinn & Bradfield* for appellant.

*D. H. McIntyre,* Attorney General, for the State.

PHILIPS, C.—The appellant was indicted at the February term of the Laclede circuit court, 1881, for obtaining money from one Conrad Wiessgerder. He was convicted at the same term of court, and sentenced to imprisonment in the penitentiary for the term of two years. From this judgment he has appealed to this court.

As neither the motion for new trial nor in arrest of judgment is preserved in the bill of exceptions, we cannot

1. PRACTICE IN THE SUPREME COURT. take notice of any errors, if any, arising in the progress of the trial, but the only errors reviewable in such case are those apparent on the face of the record proper. This has been so repeatedly decided by this court as to require no citation of the cases so holding.

It is claimed by appellant that the indictment is insufficient to support the judgment of conviction, because it

2. AN INDICTMENT.    does not affirmatively appear that the defendant knew the alleged false pretenses or representations were false. On examination of the indictment we find, after setting out the pretenses and representations and negativing their truth, the following averment: "All of which the said Andrew Janson then and there well knew." This, we think, was a sufficient averment of the *scienter*, after verdict, to sustain the indictment in this particular.

It is also alleged against the sufficiency of the indictment, that it avers that the defendant was about to ship the

3. ——.    property, on the faith of the coming of which it is alleged he obtained the money in question. It is claimed as this is a future event and not of the past, the law does not make the representation the basis of a prosecution for false pretenses. Conceding this to be the law, as applicable to the facts of this case, it does not invalidat this indictment. The averment in this respect is: "That he, the said Andrew Janson, was about to ship, and had shipped to the railroad company at Lebanon, at the count v and State aforesaid, the following personal property," etc; from which it is manifest that the indictment contained, in addition to the averment that he was about to do the act, that "he had shipped," etc. This was sufficient Whether or not the proof sustained this averment could only be brought to our attention by being properly saved in the bill of exceptions. This is not done.

The judgment of the circuit court is, therefore, affirmed. All concur.

NORTON, J., absent.