DAVID BACHMAN, Appellant, v. JOHN R. BROWN, Respondent.

St. Louis Court of Appeals, March 5, 1894,

**Dramshop Law**: SALE OF INTOXICANTS TO MINOR. The dramshop law provides for a penalty for every sale of intoxicating liquor by a "dramshop keeper, or any other person" to a minor without the written permission of the parent, master or guardian, of the latter. *Held*, that the penalty could be recovered only from a dramshop keeper, it being evident from the context that such was the intent of the legislature, and that the words "or any other person" were intended to apply only to a person representing the dramshop keeper or temporarily in charge of his business.

*Appeal from the Knox Circuit Court.*—HON. BEN. E. TURNER, Judge.

AFFIRMED.

*O. D. Jones* for appellant.

No brief filed for respondent.

BIGGS, J.—The plaintiff sues to recover the penalty provided by section 19 of the dramshop law. Session Acts, 1891, p. 128. The petition contained twenty counts, in which it was charged that the defendant, a merchant, had at various times therein stated sold intoxicants to the minor sons of the plaintiff without written permission from the plaintiff to do so. The answer of the defendant is a general denial. No objection was made to the petition. At the conclusion of the evidence the court instructed the jury to return a verdict for the defendant, which was done, and the court entered a judgment accordingly. The plaintiff has appealed.

The section referred to reads: "Every dramshop keeper, or *any other person*, who shall sell, give away, or otherwise dispose of, or suffer the same to be done about his premises, any intoxicating liquors in any quantity to any minor, without the written permission of the parent, master or guardian of such minor first had and obtained, or who shall have in his employ about his dramshop or therein to play at cards, dominos, dice, billiards, pigeon hole, pool, or any other game, without such written permission aforesaid, shall forfeit and pay to such parent, master or guardian for every such offense, the sum of $50, to be recovered by the party entitled thereto by civil action in any court of competent jurisdiction against such *dramshop keeper*, or by suit in such court on the *bond* of such dramshop keeper, in the name of the county, to the use of the person entitled to sue. *Provided*, *further*, that every *dramshop keeper* who shall violate the provisions of this section, in addition to the civil liability to the parent, master or guardian herein provided for, shall be deemed guilty of a misdemeanor, and be punished by a fine of not less than $50 nor more than $200; and every action brought by virtue of this section shall be commenced within one year from the time the right of action accrued."

There was evidence tending to prove the facts stated in the petition, but there was no evidence that the defendant was a dramshop keeper. On the contrary all of the evidence was to the effect, that he was the owner and keeper of a drug store. In the opinion of the circuit court the section under which the action is brought is leveled against dramshop keepers *only*. That is also our opinion. It is contended, however, by the appellant that there is no room for such a construction; that the words "any other person" must necessarily apply to *any one* who may, without the

requisite permission, sell, give away or otherwise dispose of, intoxicants to minors. This was clearly not the intention of the legislature. The other portions of the section show that the penalties are directed against dramshop keepers only, which is conclusive evidence to our minds that dramshop keepers were only to be affected. The words "any other person," when construed in connection with what follows, must mean any one representing a dramshop keeper, or who may be temporarily in charge of his business when such an offense is committed. *City of St. Louis v. Laughlin,* 49 Mo. 559; *Knox City v. Thompson,* 19 Mo. App. 526. Other sections of the act tend to strengthen this view. Section 27 imposes severe penalties, both civil and criminal, on any "dramshop keeper, *druggist or merchant* selling, giving away or otherwise disposing of * * * any intoxicating liquors to any habitual drunkard," etc. Here druggists and merchants are *named,* which is some evidence that they were not intended to be included in the words, "any other person," in section 19. Again, if the construction contended for by the appellant should be adopted, then any private person would be liable to the penalties of the section who might give intoxicating liquors to a a minor, if done without the requisite permission. We are convinced that the legislature did not intend this.

With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered.