THE STATE OF MISSOURI, Respondent, v. DANIEL GALLAGHER, Appellant.

### Kansas City Court of Appeals, December 2, 1907.

SELLING LIQUOR: Minor: Dramshop Keeper: Bar Tender: Evidence. Section 3009, Revised Statutes 1889, relates merely to dramshop keepers, but section 2179 relates to any person who sells intoxicating liquor to a minor without the consent of the parent; and evidence that the seller was a bartender of a licensed dramshop keeper is irrelevant, since the seller is guilty whether he knows the law or not.

Appeal from Nodaway Circuit Court.—*Hon. William C. Ellison,* Judge.

AFFIRMED.

*J. C. Growney,* for appellant, filed argument.

*John M. Dawson,* for respondent, filed no brief.

ELLISON, J.—The defendant was indicted, tried and convicted for selling intoxicating liquors to a minor without the consent of his parents.

It is not disputed that the sale was made by defendant. But he claims that he was bartender or clerk for the dramshop keeper in whose shop the liquor was sold and that he made the sale for the proprietor and was not himself liable. In this view he offered to show that the proprietor of the dramshop for whom he clerked was a regularly licensed dramshop keeper. The court refused such evidence.

Since defendant's offer of proof was declined we will, for the purpose of the appeal, assume it to be true. By section 3009 of the general statute of 1899, as amended in 1905, p. 141, a "dramshop keeper," that is a licensed

retailer of liquors (sec. 2990, Revised Statutes 1899) is made civilly liable to a penalty for selling to a minor and is also made liable to a prosecution for a misdemeanor, to be fined not less than fifty nor more than two hundred dollars. Under that section it has been held that no one but a dramshop keeper is liable. [Bachman v. Brown, 57 Mo. App. 68.] Whether that decision would meet the case of a clerk for a dramshop keeper and excuse him from a prosecution based on that section we need not say. For the prosecution of this defendant is not under that section. He is not prosecuted as a dramshop keeper but is charged generally under section 2179, which declares that *"any person"* who sells intoxicating liquor to a minor without consent of the parent, shall be guilty of a misdemeanor and fined not less than fifty nor more than two hundred dollars. Being prosecuted under the latter statute, the evidence offered was irrelevant. *Any* one, who sells intoxicating liquor to a minor without the written consent of the parent, master or guardian, is guilty under that section. In prosecutions of this character every one will be presumed to know the law. [Hays v. State, 13 Mo. 246.] The judgment is affirmed. All concur.