THE STATE OF MISSOURI, Respondent, v. PETER HAMILL, Appellant.

Kansas City Court of Appeals, January 6, 1908.

1. **SELLING LIQUOR: Minor: Dramshop Keeper: Statutory Construction.** Section 2179, Revised Statutes 1899, prevents the selling of liquor to a minor by any person, whether merchant, druggist, dramshop keeper or bar tender; and the amendment of section 3009 does not serve to exempt dramshop keepers from liability under the former section.

2. ———: ———: ———: **Indictment.** An indictment under one section of a statute, if broad enough, may warrant a conviction where the evidence shows guilt under another section; and the indictment under judgment is held sufficient to justify a conviction under section 3009.

Appeal from Nodaway Circuit Court.—*Hon. William C. Ellison*, Judge.

AFFIRMED.

*J. C. Growney*, for appellant, filed an argument.

*John M. Dawson*, for respondent, filed no briefs.

JOHNSON, J.—Defendant was indicted, tried, convicted and fined forty dollars under the provisions of section 2179, Revised Statutes 1899, for the offense of selling intoxicating liquors to a minor without the written permission of the parent, master or guardian of such minor first had and obtained. He offered to prove at the trial that he was a licensed dramshop keeper but the court rejected the evidence. He contends that a licensed dramshop keeper must be prosecuted for the offense in question under section 3009, Revised Statutes 1899, as amended in 1905, p. 141, and

is not subject to prosecution under section 2179, which, he argues, was intended by the Legislature to apply only to persons other than licensed dramshop keepers.

Section 3009 was enacted in 1891 (Session Acts 1891, section 19, p. 131), and until its amendment in 1905, provided that "every dramshop keeper, or any other person, who shall sell, give away, or otherwise dispose of, or suffer the same to be done about his premises, any intoxicating liquor in any quantity to any minor, without the written permission of the parent, master or guardian of such minor first had and obtained . . . shall be deemed guilty of a misdemeanor and be punished by a fine of not less than fifty dollars nor more than two hundred dollars." In Bachman v. Brown, 57 Mo. App. 68, decided by the St. Louis Court of Appeals in 1894, it was held that the words "any other person" as used in the statute referred to "anyone representing a dramshop keeper, or who may be temporarily in charge of his business when such an offense is committed," and did not include a merchant, or druggist who might sell intoxicating liquors to a minor. In 1897 the Legislature, moved, no doubt, by that decision, enacted the statute now appearing as section 2179 which declares *"any person* who shall directly or indirectly sell, give away, or otherwise dispose of or furnish or deliver any intoxicating liquor in any quantity to any minor without the written permission of the parent, master or guardian of such minor first had and obtained, shall be deemed guilty of a misdemeanor, and, on conviction, shall be fined not less than forty dollars nor more than two hundred dollars." Clearly it was the legislative intent to bring within the operation of this statute any person, whether merchant, druggist, dramshop keeper or bartender, who might be guilty of the offense of selling intoxicating liquor to a minor without the consent of the latter's parent or guardian. The amendment in 1905 of section 3009 did not serve

to exempt dramshop keepers from liability under section 2179. It had no other effect than to make it an offense for a dramshop keeper to sell intoxicating liquor to a minor either with or without the consent of his parent or guardian. We are of opinion the Legislature intended that a licensed dramshop keeper might be prosecuted under either section. If indicted under section 2179, he might interpose the defense that the sale was made with the written consent of the parent or guardian, but if prosecuted under section 3009, as amended, such defense would not avail him. This is the view we expressed in the case of State v. Gallagher, 126 Mo. App. 729, and nothing has been brought to our attention to cause us to change it.

Further, we shall add that the indictment in the present case is broad enough to include the offense defined in section 3009. "It is a general rule of criminal procedure that if one is indicted under one section of a statute and the evidence shows that he is not guilty of a violation of that section but is guilty of the violation of another section, he may be convicted of a violation under the section of which the evidence shows him guilty, provided the indictment is broad enough to include the offense within its allegation." [State v. Quinn, 94 Mo. App. 59.]

It follows that the judgment must be affirmed. All concur.