## LAWRENCE v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
March 22, 1927.

No. 7604.

**1. Witnesses ⊨345(1)—Crime, conviction of which may be shown to affect credibility, stated.**

Evidence of conviction of crime, to affect credibility of witness, should be limited to conviction of felony, infamous crime, or crime involving moral turpitude.

**2. Criminal law ⊨695(4)—Objection to question on cross-examination of defendant, whether he had ever been convicted of offense, held to ask limiting of it to proper offenses.**

Objection to question on cross-examination of defendant, whether he had ever been convicted of any offense under the laws of the state, that it was not proper because not confined to felony, larceny, or something equivalent, *held* to ask limiting of question to those offenses, witness' conviction of which may properly be shown to affect his credibility.

**3. Criminal law ⊨1170½(5)—Refusal to limit question as to crimes of which defendant had been convicted held to require reversal.**

Refusal of court to properly limit question to defendant, whether he had been convicted of any offense under the laws of the state, whereby he was required to testify that he had been convicted of two misdemeanors, neither of which was infamous or involved moral turpitude, *held* to require reversal.

In Error to the District Court of the United States for the Western District of Missouri; Merrill E. Otis, Judge.

Charles Lawrence was convicted of unlawful possession of goods stolen from interstate shipment, and brings error. Reversed, and new trial directed.

R. R. Brewster, of Kansas City, Mo. (O. E. Gorman, of Springfield, Mo., and William B. Bostian, of Kansas City, Mo., on the brief), for plaintiff in error.

William L. Vandeventer, Asst. U. S. Atty., of Kansas City, Mo. (Roscoe C. Patterson, U. S. Atty., of Kansas City, Mo., on the brief), for the United States.

Before LEWIS and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. Charles Johnson and Charles Lawrence were indicted, tried, and convicted for a violation of the Act of February 13, 1913, 37 Stat. 670 (U. S. Comp. St. § 8603), to wit, with unlawfully having in their possession 60 bags of sugar, which had been stolen from an interstate shipment, knowing the same to have been stolen. From the judgment and sentence of conviction, Lawrence sued out a writ of error.

The first assignment of error is predicated upon certain matters elicited over objection during the cross-examination of the defendant Lawrence, testifying as a witness in his own behalf. The record on this point is as follows:

"Q. Have you ever been convicted of any offense under the laws of the state?

\* \* \* \* \* \* \*

"Mr. Barrett: I think the question is not proper for the reason that it is not confined to whether or not he had pleaded guilty or had been convicted of a felony or a larceny or something equivalent to it. It is objectionable because he does not specify what kind of a crime he is asking him if he had ever been convicted of.

\* \* \* \* \* \* \*

"The Court: The objection is overruled.

"Mr. Barrett: Exception.

\* \* \* \* \* \* \*

"Q. Answer the question?

"A. Yes, sir.

"Q. What was the offense?

"A. I pleaded guilty to delivering liquor to a minor.

"Q. What other offense?

"A. One time when I was a boy about 15 years old I pleaded guilty to having a pistol.

"Q. What court was that in?

"A. That was in our regular state court, I guess. It was in the county.

"Q. Whereabouts?

"A. In Taney county.

"Q. Down where you lived?

"A. Yes, sir.

"Q. Do you go back to Taney county frequently?

"A. I sometimes do.

"The Court: What was the charge, Mr. Lawrence? Carrying concealed weapons?

"The Witness: Well, I presume it was. I don't remember. It was something about having a pistol; I shot a cat with a pistol, and they were charging me with having a pistol."

[1-3] It is well settled by the decisions in this circuit that evidence of the conviction of a crime for the purpose of affecting the credibility of a witness should be limited to a conviction of a felony, an infamous crime, or a crime involving moral turpitude. Glover v. U. S. (C. C. A. 8) 147 F. 426, 429, 8 Ann. Cas. 1184; Neal v. U. S. (C. C. A. 8) 1 F. (2d) 637, 639; Haussener v. U. S. (C. C. A. 8) 4 F.(2d) 884, 887. Counsel for Lawrence, by his objection, asked the court to limit the question to such an offense. This

the court refused to do, and as a result the defendant was required to testify that he had been convicted of two misdemeanors, neither of which were infamous nor involved moral turpitude. Section 3519, R. S. Mo. 1919; State v. Gallagher, 126 Mo. App. 729, 730, 106 S. W. 111; Section 1862, R. S. Mo. 1899. This was error. Haussener v. U. S., supra.

We deem it unnecessary to consider the other assignments of error. For the reasons stated, the judgment as to Lawrence is reversed, with instructions to grant him a new trial.