**STATE of Missouri, Respondent,**

**v.**

**Raymond Hewitt RICHARDSON, Appellant.**

No. 48122.

Supreme Court of Missouri,

Division No. 2.

Feb. 13, 1961.

Price Shoemaker, St. Joseph, for appellant.

John M. Dalton, Atty. Gen., Paul N. Chitwood, Asst. Atty. Gen., for respondent.

STORCKMAN, Judge.

The defendant was charged by information with the offense of unlawfully and feloniously driving and operating a motor vehicle upon the highways of this state while in an intoxicated condition. He was found guilty as charged and his punishment was assessed by the jury at a fine of $100 and imprisonment for six months in the county jail. His motion for new trial was overruled and he was sentenced in accordance with the verdict. He has appealed from the judgment of conviction.

No brief having been filed on behalf of the defendant, the case is before us on the transcript of the record and the brief of the state. In this situation our review extends to the essential record and the assignments of error properly preserved in the motion for new trial. Supreme Court Rules 27.20 and 28.02, V.A.M.R.; State v. Bryant, Mo., 319 S.W.2d 635, 636 [1]. The assignments of error are concerned chiefly with the failure of the trial court to discharge the jury for alleged improper cross-examination of the defendant, the refusal of the trial court to grant defendant sufficient time in which to call witnesses in his defense, and alleged errors in the giving and refusal of instructions. In view of the nature of these assignments, an extended statement of the evidence is not necessary.

At about 9:45 p. m. on June 20, 1959, while Paul Marquart was driving his automobile south on Highway 45 in Buchanan County, a short distance south of its junction with Highway 59, he saw an automobile traveling south in front of him dart off to the right side of the highway; he then saw a northbound automobile coming toward him in the southbound lane. This automobile which Marquart later ascertained was being driven by the defendant had a damaged left front fender and only one headlight burning. Although Marquart pulled off onto the right shoulder, his automobile was struck by that of the defendant who did not stop. Marquart turned his car around and followed the defendant as his automobile pursued an erratic course northward on Highway 45 and then onto 59 at the junction. The defendant's automobile was weaving from one side of the highway to the other and was frequently on the wrong side. Three automobiles were forced off the highway by the defendant in about one and one-half miles. When the defendant arrived at a night club or roadhouse, known as the Huddle, he drove onto the parking lot after first missing the driveway and running into a ditch. When the defendant got out of his automobile, he staggered and had difficulty in walking. He asked someone where the front door of the Huddle was and finally sat down on the steps of the building with his head in his hands.

Marquart observed the defendant for 20 or 25 minutes awaiting for officers to respond to a call. Two deputy sheriffs of Buchanan County as well as a highway patrolman arrived and also observed the defendant's condition. Marquart as well as the highway patrolman and one of the deputy sheriffs testified that the defendant was in a drunken condition. He was described as thick-tongued, bleary-eyed, belligerent, smelling of alcoholic liquor and hardly able to walk. The deputy sheriffs had to help the defendant to his feet and put him in the squad car. On the way to the jail they had to stop their car to let the defendant vomit. He admitted to one of the deputy sheriffs that he had consumed four or five bottles of beer and was awfully drunk.

The first question presented relates to the refusal of the trial court to grant a mistrial because of allegedly improper cross-examination of the defendant by the state's attorney. The defendant testified that before the accident he had taken some pills to ease pain in his teeth and that the pills suddenly made him drowsy. He further testified he obtained the medicine from a druggist without a prescription, and while on the stand he produced a purple box containing some capsules which he testified were what remained of those he had purchased. The cross-examination of which the defendant complains occurred in this sequence:

"Q. Were you also taking these same tablets in this purple box when you were convicted or had a charge of drunken driving placed against you before? A. I beg your pardon?

"Judge Frankenhoff: We object to that unless the prosecutor has some record of conviction. If he is afraid to produce it, then we object to it and move the Court to discharge the jury.

"A. I never was charged.

"The Court: Objection sustained but the motion to discharge is overruled.

"Q. Have you ever been convicted of a crime before? A. No, sir.

"Q. Are you Raymond H. Richardson? A. Yes, sir.

"Q. You want to tell this jury you have never been convicted of a crime before? A. This is the first time I set in a witness chair in my life and I am sixty-four years old.

"Q. I am not asking you about sitting in a witness chair. I am asking you if you have ever been convicted of a crime before. A. I never been convicted. * * *

"Mr. Yeaman: If the Court please, let me interrupt just a minute. I don't believe the witness under____stands, Mr. Hale, what you are driving at.

"Mr. Hale: I don't know why he doesn't.

"Mr. Yeaman: It is admitted, is it not, Mr. Richardson, you were fined $25.00 for careless and reckless driving in 1957 and that is the only time you have ever been arrested?

"Q. While drinking? A. That had nothing to do with it. I had a reckless driving charge.

"Mr. Hale: I take it he doesn't admit that.

"A. Yes, I will admit that. I paid a fine but the fine was a nominal fine. I don't know as you could say that was getting a charge for a little bitsy fine like that. I did nothing only run into a ditch alone."

It will be noted that the defendant's objection was, in a measure at least, conditional, i. e., "unless the prosecutor has some record of conviction." The defendant at first denied having a prior conviction of any sort, but under the guidance of his attorney admitted a conviction in 1957 for careless and reckless driving. A little later in his cross-examination he admitted a conviction on March 7, 1958, for reckless

driving although he denied he was convicted of drunken driving. No further request was made for a mistrial or other relief.

We need not determine the propriety of the question complained of nor the sufficiency of the objection because it is apparent from the record that prejudicial error was not committed in refusing to declare a mistrial. The trial court is vested with a broad discretion in determining whether a mistrial should be declared in circumstances such as these and it has not been demonstrated that there was an abuse of that discretion. State v. Thost, Mo., 328 S.W.2d 36, 39 [9]; State v. Taylor, Mo., 324 S.W.2d 643, 647 [7]; State v. Ruyle, Mo., 318 S.W.2d 218, 220 [2].

■■ The next assignment of error is that the trial court erred in refusing to grant defendant sufficient time in which to call witnesses in his defense. At the conclusion of the state's case, the defendant without objection or reservation began offering his evidence. He was the first witness to testify and at the conclusion of his testimony the following occurred out of the hearing of the jury:

"Judge Frankenhoff [one of defendant's attorneys]: May it please the Court, it is difficult to determine whether we can get our additional witnesses here right now. We have them subpoenaed for tomorrow morning. The State endorsed nine witnesses and have only used three. We didn't know they were going to close so soon. The trouble is, if we could continue this until tomorrow morning, we have asked five or six character witnesses to show up tomorrow morning.

"The Court: You don't have any other witness here now?

"Judge Frankenhoff: That's right. It won't take us long in the morning. We should be through in twenty or thirty minutes in the morning.

"The Court: It is just a little after four. I think we had better go along for awhile if you can get some of your witnesses.

"Judge Frankenhoff: Very well, Your Honor. May we have a short recess?

"The Court: Yes."

At the conclusion of the recess three witnesses were called who qualified as character witnesses and testified that the defendant's reputation for truth, veracity and sobriety was good. When the testimony of these witnesses was completed, the defense rested without a further request for delay or a continuance. The oral application for a continuance or passing of the case on account of the absence of witnesses wholly failed to comply with the requirements of Supreme Court Rule 25.08(b) nor was the trial court required to accept as proven the factual assertions embodied in the request. State v. Burlison, 315 Mo. 232, 285 S.W. 712, 716 [5]; State v. LeBeau, Mo., 306 S.W.2d 482, 486 [3]. For all that appears from the record, the defendant was able to obtain the character witnesses he desired during the recess granted by the court and was satisfied to rest his defense on the evidence adduced. No abuse of discretion is shown and the assignment is denied. State v. LeBeau, supra; State v. Dalton, Mo., 23 S.W.2d 1, 4 [3–5].

■ The next allegation of error is: "That the court erred in failing to instruct the jury on all the law applicable to the case." This assignment fails to preserve for review any question of failure to instruct the jury on all the law because it does not comply with the requirements of Supreme Court Rule 27.20 and § 547.030, RSMo 1949, V.A.M.S., in that it is too general and does not set forth in detail and with particularity the specific grounds for the assignment of error in the motion for new trial. State v. Tompkins, Mo., 312 S.W.2d 91, 95 [3]; State v. Whitaker, Mo., 312 S.W.2d 34, 37 [4].

Next the defendant charges that the court erred in refusing to give instruction X offered by the defendant which "permitted the jury to find defendant guilty of the lesser offense of careless driving", a misdemeanor, if he was found not guilty of driving while in an intoxicated condition. This may be considered in conjunction with the fifth and final assignment of error which is: "That the court erred in refusing to instruct the jury on the law of careless driving, a misdemeanor, in that the evidence showed that defendant's automobile was being driven in an erratic manner and that the evidence failed to show that defendant was driving said car while in an intoxicated condition." This latter contention presents no difficulty because the state's evidence was sufficient to show that the defendant was intoxicated; in fact, the evidence was clear, cogent and convincing that the defendant was, in his own words, "awfully drunk". The information charging the defendant with the offense of operating a motor vehicle while in an intoxicated condition follows the language of § 564.440 and is sufficient in form and substance. State v. Ryan, Mo., 275 S.W.2d 350, 352 [7]. The offense is a felony for which punishment is fixed by § 564.460, as amended Laws 1953, p. 416, at imprisonment in the penitentiary for a term not exceeding five years or by confinement in the county jail for a term not exceeding one year, or by a fine not exceeding one hundred dollars, or by both such fine and imprisonment. On the other hand, the offense of careless and reckless driving is proscribed by § 304.010; the punishment for such a violation falls under § 304.570 and is fixed at a fine of not less than five dollars nor more than five hundred dollars or by imprisonment in the county jail for a term not exceeding two years, or by both such fine and imprisonment.

Unless the essential facts constituting the offense of careless and reckless driving are stated with reasonable certainty, the information is insufficient.

State v. McCloud, Mo.App., 313 S.W.2d 177; State v. Reynolds, Mo.App., 274 S.W.2d 514. Generally, if a person is charged under one section of the statutes and the evidence shows him guilty of violating another section, the defendant may not be convicted of such other offense unless the indictment or information is broad enough to include the other offense within its terms. State v. Hamill, 127 Mo.App. 661, 106 S.W. 1103.

Where the prosecution involves an offense consisting of different degrees, the jury may, under § 556.220, find the accused not guilty of the offense charged and may find him guilty of any degree of such offense inferior to that charged in the indictment. Section 556.230 authorizes a conviction of any offense which is necessarily included in that charged against the defendant. Operating a motor vehicle while in an intoxicated condition, in violation of § 564.440, is not a graded offense, and the offense of careless and reckless driving under § 304.010 was not included in the offense of driving while intoxicated with which the defendant was charged. The manner in which the defendant operated his automobile was offered in conjunction with the other evidence in support of the charge that he was in an intoxicated condition. The court did not err in refusing to give instruction X offered by the defendant or in failing to instruct the jury on the law of careless and reckless driving. State v. Akers, Mo., 328 S.W.2d 31, 35 [9, 10]; State v. Drake, Mo., 298 S.W.2d 374, 377 [10]; State v. Villinger, Mo., 237 S.W.2d 132, 135 [9].

We have considered all specifications of error in the motion for new trial and find them to be without merit. We have also examined the parts of the record and entries designated in Supreme Court Rule 28.02 and find them to be proper in form and free from error.

Accordingly the judgment is affirmed.

All concur.