**STATE of Missouri, (Plaintiff) Respondent,**

v.

**Frank D. BELLEVILLE, (Defendant) Appellant.**

**No. 31060.**

St. Louis Court of Appeals.

Missouri.

Nov. 20, 1962.

John T. Sluggett III, Clayton, for appellant.

William J. Geekie, Pros. Atty., Robert W. Van Dillen, Asst. Pros. Atty., St. Louis, for respondent.

WOLFE, Judge.

By an information filed in the St. Louis Court of Criminal Correction the defendant was charged with common assault. On trial to the court he was found guilty, and his punishment was assessed at six months in the city jail. From the judgment and sentence the defendant has appealed.

■ The defendant has filed no brief, so we look to his motion for a new trial and consider such assignments as are sufficient to present matters for review. We also examine the essential portions of the record. Supreme Court Rules 27.20 and 28.02, V.A.M.R.; State v. Richardson, Mo.Sup., 343 S.W.2d 51; State v. Bryant, Mo.Sup., 319 S.W.2d 635; State v. Richardson, Mo. Sup., 315 S.W.2d 139.

Most of the assignments in the motion for a new trial which are sufficient to present any matter for review relate generally to the refusal of the court to grant a continuance of the case. We therefore set out below all of the record upon this and other points. The case was called for trial on July 5, 1961, and at that time the defendant was represented by Mr. O'Hanlon and the following occurred:

"MR. O'HANLON: Your Honor, this defendant requests a two weeks' continuance if the Court will do that.

"THE COURT: What is that, Mr. O'Hanlon?

"MR. O'HANLON: May we have a two weeks' continuance, Your Honor?

"THE COURT: Why? I have already continued it once.

"MR. O'HANLON: This defendant requested it this morning. He said he has some witnesses out of town that he can't get hold of.

"THE COURT: We have got the witnesses here. I have continued this matter before.

"MR. O'HANLON: That is right. Your Honor, I am requesting it for

Frank Belleville. May I have permission to withdraw, Your Honor? I think we are entered.

"THE COURT: You have entered your appearance.

"MR. O'HANLON: May we have permission to withdraw? He is talking about a jury trial and the witnesses that are out of town. He hasn't paid me a fee. I certainly wouldn't be in position to try this case. I can't properly represent him under the circumstances.

"THE COURT: Well, I am reluctant to permit you to withdraw at this late date, Mr. O'Hanlon. This case is up for trial. You continued it once before. You continued it on April 27th, three months ago, almost three months ago. He has had ample time for you and the defendant to find out where you were, and if you weren't going to represent him to come in before this so that he would have an opportunity to get another lawyer. I am going to pass it down to give you an opportunity to consult with your client further, but I am not going to continue it, and I don't know whether I will permit you to withdraw, Mr. O'Hanlon.

"MR. O'HANLON: You will not, Your Honor?

"THE COURT: I don't think so.

"MR. O'HANLON: Then I have got this problem, Your Honor. I talked to this man this morning, today. He may want a trial by jury, so I have got that problem with him this morning.

"THE COURT: All right. You better take him out and talk to him and get up to date because I want to get to trial in this case.

"MR. O'HANLON: Well, I am sure that I just couldn't adequately represent him. I would be derelict in my duty if I tried it on the spur of the moment like that.

"THE COURT: Certainly, Mr. O'Hanlon, you can't walk out and leave this man that way. I don't want to continue it. I have continued it once before. This matter has been pending since the 4th of January, six months, so I am going to have to insist on trial.

"MR. O'HANLON: Could the defendant try his own case, Your Honor?

"THE COURT: I don't want to do that.

"MR. O'HANLON: Well, of course, you are the boss, Your Honor. I will do whatever you say. What else can I do? If I try it, he has all kinds of requests and orders for me to follow. It is very difficult. If the Court insists that I do, I will.

"THE COURT: Mr. O'Hanlon, if you weren't going to represent this man, you should have come in before this to give him an opportunity to get another lawyer. The witnesses are here today. You wait until today. I am going to insist on going to trial. I am going to deny your request.

"MR. O'HANLON: Okay. Will you pass it down, Your Honor?

"THE COURT: Pass it down". Mr. O'Hanlon and the defendant left the courtroom. They reappeared together later in the morning, and the following announcement was made by Mr. O'Hanlon in the presence of the defendant.

"THE COURT: Mr. O'Hanlon, what about your matter?

"MR. O'HANLON: We are ready, Your Honor."

The trial then proceeded.

The state's evidence consisted of the testimony of the complaining witness, who positively identified the defendant as one

of two men who had pulled him from his automobile and beat him severely. The police officer who arrested the defendant in the vicinity of the assault also testified. He stated that the defendant admitted being in the vicinity and that he had heard about the affair but denied that he was involved in it.

The defendant moved for a "judgment of acquittal", which was overruled. The defendant put on no evidence.

 The first two assignments of error in the defendant's motion for a new trial charged in substance that he was forced to trial without counsel of his own choice. There is nothing in the record to support this. Apparently counsel had a client who was not of his choice, but there is nothing to support the statement that the client was not satisfied.

The third charge is that counsel was not adequately prepared for trial and that the court erred in refusing a continuance. It has been so often held that the granting or refusal of an application for continuance is within the discretion of the trial court that we deem it sufficient to cite 9 Missouri Digest, Criminal Law, ⊕586, on that subject. As far as a continuance on the ground that counsel is not adequately prepared for trial is concerned, this in itself offers no grounds if counsel had adequate *opportunity* to prepare. State v. Le Beau, Mo.Sup., 306 S.W.2d 482; State v. Clary, Mo.Sup., 350 S.W.2d 809.

Here counsel had over two months at least in which to prepare the defense of a simple common assault case. It should also be noted that after consulting with his client, he announced ready for trial.

It is asserted that the court erred in denying a trial by jury. There was never a request for a trial by jury. Where the defendant in a misdemeanor case is present and represented by counsel, as he was here, and there was no request for a jury, his consent to be tried by the court

is presumed. Section 546.050 RSMo 1949, V.A.M.S.; State v. Shapiro, Mo.App., 248 S.W.2d 62; State v. Williams, Mo.App., 349 S.W.2d 375.

We have fully examined the record and find no error therein. The record fully supports the judgment of the court, and the judgment is affirmed.

ANDERSON, P. J., and RUDDY, J., concur.