**STATE of Missouri, Plaintiff-Respondent,**

v.

**Alex RICHARDS, Defendant-Appellant.**

**No. 24890.**

Kansas City Court of Appeals.

Missouri.

June 3, 1968.

Ronald P. Zolotor, Blumer & Wright, Kansas City, for defendant-appellant.

Stephen V. Crain, North Kansas City, for plaintiff-respondent.

SPERRY, Commissioner.

Defendant was charged in magistrate court by uniform traffic ticket (which was signed by the Prosecuting Attorney as an information) with careless and imprudent driving, by failing to yield the right of way on the public streets and highways. He was convicted and a fine of ten ($10.-00) dollars was assessed. He appealed to the circuit court where a jury found him guilty and assessed a fine of one hundred ($100.00) dollars. He perfected his appeal to this court.

His chief contention is that the information upon which he was tried is fatally defective in that a valid charge of violation of a statute is not stated therein. He also contends that certain instructions given in the case are prejudicially erroneous. He does not contend that the evidence failed to prove a submissible case.

The facts necessary to a decision of this case are few and simple. On behalf of the state the testimony came from Mr. Osmon, operator of an automobile which was in collision with defendant's truck, and Mr. Stockdell, a state highway patrolman who arrived at the scene a few minutes after the collision occurred. Testimony on behalf of defendant was by defendant and his wife, who was riding in the seat beside defendant when the collision occurred. No material variation or conflicts are presented.

The scene of the collision was on route 69, Clay County, which is a two lane north-south hard top road. The travelled portion is twenty feet wide. This highway was intersected at this point by an east-west gravel road, twenty feet wide. There is a "stop" sign located on the gravel road about twenty feet east of the hard top. This gravel road continues west of 69. There is a salvage yard located on the southwest corner of this intersection. Defendant operated his four gear pickup truck westward on the north side of the gravel road and stopped with the middle of his truck south of the stop sign. Defendant stated that he looked to the north and to the south on 69; that there were three automobiles coming from the south, two of which proceeded past the intersection and one was showing its left turn signal; that no traffic was in sight from the north;

that he proceeded to cross 69 in low gear at five miles per hour; that he did not accelerate the speed from the time he started forward until the collision occurred; that the front end of the truck was leaving the pavement of 69 when the truck was struck on its side, at about the middle, by the front end of Mr. Osmon's car which was proceeding southward on 69; that the truck was knocked into the salvage yard. The evidence was that defendant did not see the Osmon vehicle and was unaware of its approach until his wife warned him; that there was a clear view, from the gravel road north on 69, for a distance of eight hundred to one thousand feet; that Mr. Osmon was proceeding at a speed of sixty-five miles per hour when he observed the truck as it started forward to enter 69; that he was alarmed and took precautionary measures; that, when the truck entered into 69, he applied his brakes fully and swerved to the right. There were skid marks on 69 leading northward from the point of impact a distance of seventy-eight feet. Defendant told the patrolman that he did not see the Osmon vehicle.

Section 304.010, RSMo 1959, par. 1, V. A.M.S., provides as follows:

"304.010. 1. Every person operating a motor vehicle on the highways of this state shall drive the same in a careful and prudent manner, and shall exercise the highest degree of care, and at a rate of speed so as not to endanger the property of another or the life or limb of any person. * * *."

Section 304.021, RSMo 1959, par. 4, V. A.M.S., provides as follows:

" * * *

"4. The driver of any vehicle shall stop as required by this section at the entrance to a through highway and shall yield the right of way to other vehicles which have entered the intersection on the through highway or which are approaching so closely on the through highway as to constitute an immediate hazard. The state highway commission may erect stop signs at the entrance of

any public road into a through highway. * * *."

■ In the charge upon which defendant was tried in circuit court it was stated, in essence that:

In Clay County, Missouri, at 5:00 P.M., October 27th, 1966, at Rte 69, 1.5 (Miles) north of 92, defendant operated a G.M.C. ¾ ton truck in a careless and imprudent manner by failing to yield the right of way on the public streets and highways, at a rural location, when cross traffic was present on a two lane road at a right angle.

Defendant urges that the information (1) did not properly advise him of the "nature and cause" of the accusation against him, or (2) fully inform him of the offense of which he was charged, or (3) contain a plain, concise, and definite written statement of the essential facts constituting the offense charged.

Supreme Court rule 24.01, V.A.M.R. (Criminal Procedure) provides in part, as follows:

"The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. * * *."

As to No. 1 and No. 2 defendant was advised of the nature of the charge, to-wit: "Careless and Imprudent driving", that is, his failure to operate a motor vehicle on the highways in a careful and prudent manner and in the exercise of the highest degree of care, as required by Section 304.-010, par. 1, supra. It was stated that he operated his vehicle without care. He was further informed that the charge of failure to operate his motor vehicle in a careful and prudent manner was due to his failure to yield the right of way to other vehicles in cross traffic on the highway at the point mentioned in the information, as provided in Section 304.021, par. 4, supra.

Defendant complains that the specific section of the statutes with which he was charged of having violated was not stated or spelled out in the information. Rule

24.11 of Rules for Criminal Procedure provides that no information shall be deemed to be invalid by reason of failure to charge any offense to have been contrary to a statute or statutes notwithstanding such offense may have been created or the punishment declared by a statute.

Regarding No. 3, the time and place at which the offense is charged to have occurred are stated. The specific fact that defendant failed to yield the right of way to cross traffic on a two lane highway 69 is stated. It is difficult to believe that any reasonably intelligent person could read this information and not be fully informed of the nature of the violation charged.

Defendant relies on State v. Bartlett, Mo.App., 394 S.W.2d 434. The information in that case charged that "George Wayne Bartlett operated his 1962 Mercury at a speed in excess of the state limits, to-wit: upwards to 85 miles per hour".

The information failed to charge the commission of any crime in that it did not charge that the mercury was, at the time stated, being operated on a highway. The court stated that the speeding could have occurred on private property, or anywhere. That decision correctly states the law in that case, but is not persuasive here. Defendant also cites State v. McCloud, Mo.App., 313 S.W.2d 177, where it was held that the information was couched in such vague terms as to completely fail to advise of the offense charged, so that defendant might intelligently prepare his defense, and so as to preclude a future prosecution based on the same offense. It is unlike the information here considered. Defendant also cites City of Raytown v. Roach, Mo.App., 360 S.W.2d 741. We properly ruled that the complaint there filed failed to state a cause of action with sufficient certainty and was fatally defective. That decision does not rule this case. Kansas City v. Franklin, Mo.App., 401 S.W.2d 949, is not persuasive here.

■ Defendant also says that he was not properly charged with the offense of which he was convicted. We have commented on the information. He was charged with careless and imprudent driving in that he failed to yield the right of way at a place where, by statute, he was required to do so. Failure to yield the right of way is specifically denounced as an offense, but may be included, as in this case, as descriptive of what happened and in what manner defendant drove imprudently. For a discussion of a somewhat analogous situation see State v. Travis, Mo.App., 340 S.W.2d 415, 419 and the following pages. Section 556.230, RSMo 1959, V.A.M.S., provides that a defendant may be acquitted of an offense as charged, and convicted of one which is necessarily included in that charged against him. This contention of defendant is disallowed. State v. Hamill, 127 Mo.App. 661, 106 S. W. 1103.

■ Defendant criticises instruction No. 1, because therein conviction for failure to yield right of way was submitted. What we have said requires that we rule adversely to defendant's contention. He also criticises it on the ground that it is not supported by the evidence. He contends that the jury is thereby required to find defendant's act to have been willful when there is no evidence to that effect. Assuming that this is true, the error, if any, resulted in placing a greater burden on the state than it was required to carry. Defendant did not suffer prejudice. He contends that the instruction is confusing and misleading. It generally follows the language of the statute and contains sufficient facts so that it is not subject to this criticism.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.