STATE of Missouri, Respondent,

v.

Richard C. MURRAY, Appellant.

No. 39536.

Missouri Court of Appeals, St. Louis District, Division One.

July 5, 1978.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Robert S. Adler, Asst. Pros. Atty., Clayton, for respondent.

Todt, Hammer & Poscover, Susan M. Hammer, Charles P. Todt, Clayton, for appellant.

CLEMENS, Presiding Judge.

Defendant Richard C. Murray was charged with careless and imprudent driving by improperly passing and by following too closely. The court found him guilty of following more closely than was reasonably safe and prudent. He has appealed.

Defendant first contends he was found guilty of an offense which had not been charged. He argues that the offense of following too closely is not a lesser included offense of careless and imprudent driving.

The state's evidence was that Dale Ponce was driving on Clarkson Road in St. Louis County. He had passed an intersecting highway when he was approached from behind by defendant's van which came to within six feet of his car. Defendant continued to follow Ponce at close distances for three miles.

Defendant testified he approached and followed Ponce's automobile for nearly four miles. Four times he attempted to pass the Ponce vehicle but was unable to complete a pass.

Defendant was charged by information which in pertinent part alleged ". . . the defendant did wilfully, unlawfully drive, operate and run upon a public highway . . . in a manner not careful and prudent, to-wit: by reason of improper passing and following too close . . . ."

The general statute, § 304.010(1), states that "[e]very person operating a motor vehicle on the highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care." The specific statute, § 304.017, is within a segment of laws referred to as "Rules of the Road." It provides: "The driver of a vehicle . . . shall not follow another vehicle more closely than is reasonably safe and prudent . . . ."

Defendant argues that he was convicted of an offense not charged. This argument was presented and rejected in *State v. Richards*, 429 S.W.2d 351[2–3] (Mo.App. 1968). There, defendant was convicted of careless and imprudent driving by failing to yield the right-of-way. After finding the information properly charged defendant, the court noted that failure to yield the right-of-way was both a separate violation of the law and also descriptive of the manner in which defendant drove imprudently. The court cited § 556.230, RSMo., providing that a defendant may be acquitted of an offense as charged and yet convicted of a charge necessarily included in the one charged against him. The court thus held failure to yield the right-of-way was a lesser included offense of careless and imprudent driving. We hold here that following more closely than is reasonably safe and prudent is a lesser included offense of careless and imprudent driving.

The sole case relied on by defendant, *State v. Todd*, 477 S.W.2d 725 (Mo.App.

1972), does not support his contention. There, defendant was convicted of careless and imprudent driving by making more than one circle at an intersection. He challenged the sufficiency of the information to inform him of the nature of the charge and the sufficiency of the evidence to support the conviction. In reversing, the court held the evidence failed to show defendant's driving was careless and imprudent. Applied to the present case, *Todd* simply holds that defendant could not have been found guilty of careless and imprudent driving absent testimony of the circumstances surrounding his act of following too closely. Since defendant here was not convicted of careless and imprudent driving, *Todd* is inapplicable.

■ Defendant's second point that the evidence was insufficient to support his conviction is without merit. The testimony set forth above supports defendant's conviction for following more closely than was reasonably safe and prudent.

■ Though defendant does not specifically attack the sufficiency of the information to support a conviction for following more closely than was reasonably safe and prudent, it is pertinent to note that "[i]t is a general rule of criminal procedure that if one is indicted under one section of a statute, and the evidence shows that he is not guilty of a violation of that section, but is guilty of violation of another section, he may be convicted of a violation under the section of which the evidence shows him guilty, provided the indictment [or information] is broad enough to include the offense within its allegation." *State v. Hamill*, 127 Mo.App. 661, 106 S.W. 1103[2] (1908); *Richards, supra*. The information here was broad enough to include the offense of following too closely.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.