**STATE of Missouri, Respondent,**

v.

**Vernon Odeal PERSELL, Appellant.**

**No. KCD 26244.**

Missouri Court of Appeals, Kansas City District.

Feb. 4, 1974.

Wilbur L. Pollard, Wm. Harrison Norton, Norton & Pollard, North Kansas City, for appellant.

Ronald A. Barker, Pros. Atty. of Mercer County, Princeton, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

PER CURIAM.

The defendant was convicted in the magistrate court of driving while intoxicated in violation of § 564.440, RSMo 1969, V.A.M.S. The cause was tried de novo in the circuit court without a jury and the defendant was convicted and fined $150.00.

The evidence, to the extent relevant, was that Trooper Bob Lober of the Missouri Highway Patrol observed defendant driving along a state highway at an excessive speed, crossing the center line on several occasions. The trooper pursued the defendant, stopped him, detected the odor of alcohol about him, observed his unsteady demeanor, and arrested him for driving while intoxicated. The defendant consented to a breathalyzer test which was administered by Corporal Julian F. LePage of the Missouri State Highway Patrol. Corporal LePage, without objection, testified that he was qualified to administer breathalyzer tests and that defendant's reading was eighteen hundredths of one per cent. Both Trooper Lober and Corporal LePage

**50**

testified to their opinions that defendant was intoxicated.

 On this appeal defendant asserts that the result of the breathalyzer test was improperly received because it was not shown that Corporal LePage, who administered the test, was licensed for that purpose by the Department of Health of the State of Missouri as required by § 564.441, RSMo 1969, V.A.M.S. The record discloses, however, that Corporal LePage testified he was licensed to administer breathalyzer tests, evidence which came in without objection. If, as appellant now contends, the witness should have been required to display his license as the best evidence, it is a claim of error which was waived by failure to object and was not preserved for review. State v. Fields, 434 S.W.2d 507, 512[1–31] (Mo.1968).

The defendant contends also that the information did not sufficiently state an offense and therefore the conviction may not stand. § 564.440, RSMo 1969, V.A.M.S., provides: "No person shall operate a motor vehicle while in an intoxicated condition." The information charges: "Vernon Odeal Persell did unlawfully operate a 1970 Chevrolet pickup and did then and there commit the following offense, to-wit: Driving while intoxicated." (The information also specifies the time, date and place of the offense.) Appellant contends that the legend "driving while intoxicated" does not satisfy the requirements of Rule 24.01, V.A.M.R., that the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. It has been held that an information which charges a defendant in the language of § 564.440 is sufficient in form and substance. State v. Richardson, 343 S.W.2d 51, 55[7, 8] (Mo.1961). The information against defendant which charges the offense as "driving while intoxicated" substantially conforms to the language of the statute. Considered in its entirety the information alleges the essential facts constituting the offense charged and would be so understood by any reasonably intelligent person. State v. Richards, 429 S.W.2d 351, 354[1] (Mo.App.1968). The information is sufficient to enable the defendant to defend against the accusation and to bar a subsequent prosecution for the same offense. State v. Barker, 490 S.W.2d 263, 270[6, 7] (Mo.App.1973). There is no merit to appellant's claim of prejudice.

The judgment is affirmed.