**CITY OF PERRYVILLE, MISSOURI, Respondent,**

v.

**John Melvin LAROSE, Jr., Appellant.**

**No. 49521.**

Missouri Court of Appeals, Eastern District, Division Five.

Nov. 26, 1985.

R. Terrence Jeep, St. Louis, for appellant.

Thomas A. Ludwig, Buerkle, Beeson & Ludwig, Jackson, for respondent.

MANFORD, Special Judge.

This is a direct appeal from a conviction for violation of a municipal ordinance. The judgment is reversed and appellant is ordered discharged.

Appellant presents two points which, in summary, charge the trial court erred in the entry of its judgment because (1) the information under which appellant was tried and convicted was fatally defective in the failure to allege sufficient facts to constitute a violation of the ordinance (PERRYVILLE, MISSOURI MUNICIPAL ORDINANCE CODE § 19–76), and (2) the evidence was insufficient to sustain appellant's conviction. Due to the disposition of this appeal, this court neither reaches nor rules upon appellant's point (2).

The pertinent facts are summarized as follows:

On October 15, 1983, appellant was issued a Missouri Uniform Traffic Ticket (the information) by a Perryville police officer. The information, as originally issued, alleged that "on or about October 15, 1983,

upon/at or near W. St. Joseph/Holly at 2:15 a.m.... [appellant] ... did unlawfully operate [a motor vehicle] and then and there committed the offense of improper passing in violation of ordinance § 19–74."

Ordinance § 19–74 states:

Except where overtaking and passing on the right is permitted, the driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle.

On October 31, 1983, the Perryville prosecutor amended the information, substituting § 19–76 for § 19–74, but the offense remained "improper passing." Ordinance § 19–76 states:

No vehicle shall, in overtaking and passing another vehicle proceeding in the same direction, be driven to the left side of the roadway under the following conditions:

(a) When approaching the crest of a grade or upon a curve of the highway where the driver's view is obstructed within such distance as to create a hazard in the event another vehicle might approach from the opposite direction.

(b) When the view is obstructed upon approaching within one hundred (100) feet of any bridge, viaduct or tunnel or when approaching within one hundred (100) feet of or at any intersection or railroad grade crossing.

Appellant was convicted in municipal court. He appealed pro se to the associate circuit court where, after a trial de novo, appellant was again convicted. He then perfected his appeal to this court.

■ Although appellant did not raise the issue regarding the sufficiency of the information during the trial, allegations of error respecting the sufficiency of the information shall be considered upon appeal although not raised in the trial court or preserved for review. *City of Kansas City v. Harbin*, 600 S.W.2d 589, 592 (Mo.App. 1980).

Chapter 37 of the Missouri Supreme Court Rules governs the practice of procedure in municipal court traffic cases. Specifically, Rule 37.18 states in part: "The information or complaint shall be a plain, concise and definite written statement of essential facts constituting the offense charged." The purpose of the information is to inform the defendant of the charge against him so that he may prepare an adequate defense and plead former jeopardy if he is acquitted. *State v. Atterberry*, 659 S.W.2d 339, 341 (Mo.App.1983).

In determining the sufficiency of the information, this court must look at it from its four corners, and in its entirety. *State v. Barker*, 490 S.W.2d 263, 270 (Mo. App.1973). Examining the information in light of the foregoing, this court finds that the information fails the stated tests in that it does not allege the offense prohibited. The ordinance with which appellant was charged may be violated a number of ways. Merely alleging that appellant made an improper passing maneuver at W. St. Joseph and Holly, in violation of § 19–76 does not inform appellant of the charge against him so that he may prepare a defense.

Respondent argues that "it seemed to the prosecution that when a fellow drove through an intersection in a passing maneuver, charging him with improper passing at or near W. St. Joseph and Holly Streets is more than sufficient to both inform him of the charge and limit the further prosecution on the charge." The evidence at trial, however, as to whether appellant did in fact drive through or within one hundred feet of an intersection was conflicting. Respondent seems to argue that if a defendant is guilty of the violation, then the information need not conform with the rules. This court does not agree with respondent.

Further, this court is not persuaded by the cases cited in support of respondent's argument. Respondent cites *State v. Persell*, 506 S.W.2d 49 (Mo.App.1974); *State v. Richards*, 429 S.W.2d 351 (Mo.App.1968); and *State v. Barker, supra*, as cases wherein those courts held the information was sufficient.

In *Persell* the statute defendant was cited with violating stated: "No person shall operate a motor vehicle while in an intoxicated condition." The information charged "driving while intoxicated". The court found the information sufficient to inform the defendant of the charge against him.

In *Richards* the statute defendant was cited with violating stated:

Every person operating a motor vehicle on the highways of this state shall drive the same in a careful and prudent manner, and shall exercise the highest degree of care, and at a rate of speed so as not to endanger the property of another or the life or limb or any person.

and

The driver of any vehicle shall stop as required by this section at the entrance to a through highway and shall yield the right of way to other vehicles which have entered the intersection of the through highway or which are approaching so closely on the through highway as to constitute an immediate hazard. The state highway commission may erect stop signs at the entrance of any public road into a through highway.

The information alleged the "defendant operated a GMC ¾ ton truck in a careless and imprudent manner by failing to yield the right of way on the public streets and highways, at a rural location, when cross traffic was present on a two lane road at a right angle." The court held the information was sufficient to inform the defendant of the charge against him.

Finally, in *Barker* the defendant's contention was that the information was defective because it failed to allege that the offenses occurred on a public road or highway. The information charged defendant was driving "on U.S. 54 near Scott's corner," and "at said time that section of U.S. Highway 54 near Scott's corner was a public highway." The court held the information was sufficient.

This court finds the above cases unpersuasive herein. In the cited cases, the information was specific to the charge and practically followed the exact language of the statutes. In the present case, charging appellant with improper passing at W. St. Joseph and Holly Streets does not allege specific facts to constitute a violation of the ordinance (§ 19–76).

Appellant's point (1) is sustained to appellant's favor.

The judgment of conviction is reversed and appellant is ordered discharged.

DOWD, P.J., and REINHARD, J., concur.