

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | *Opinion issued April 30, 2024* |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | No. SC100247 |
| | ) | |
| LORANDIS M. PHILLIPS, | ) | |
| | ) | |
| Appellant. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF SCOTT COUNTY
### The Honorable David A. Dolan, Judge

Lorandis Phillips was found guilty of first-degree robbery (Count I) and second-degree assault (Count II). He raises seven points on appeal. In Points I and II, Phillips asserts plain error related to his lack of counsel at an appearance prior to his preliminary hearing. In Point III, he alleges plain error resulted from the circuit court's failure to preserve a recording or transcript of that appearance. In Points IV and V, Phillips alleges the circuit court erred in allowing his felony information to be amended. In Point VI, he claims there was insufficient evidence to support a conviction on Count I. Lastly, in Point

VII, he claims there is a deficiency in the amended information for Count II. Finding no error, this Court affirms.[1]

## Factual and Procedural Background[2]

On December 14, 2018, four men were smoking marijuana and listening to music in a shed behind Phillips' house. One of the men ("Victim") had his back to the door. Phillips texted one of the men in the shed, "You ready[,]" to which the man responded, "Yeah. Come." Phillips then entered the shed. Phillips came up behind Victim, whose back was still to the door, and struck him in the head, causing him to fall to the floor and briefly lose consciousness. The other men then began kicking and striking Victim while he was on the floor, after which they rummaged through his pockets and stole his cell phone, wallet, and car keys. Victim eventually regained consciousness and ran to a nearby store, where employees contacted the police. Victim suffered a fractured orbital bone and a broken nose from the incident.

After the robbery, Phillips texted one of the men who was present in the shed at the time of the incident, "Hey, so what you going to say?" The man responded, "I'm going to say some dude just came in and hit us." Phillips replied, "Don't say that." Two of the men in the shed during the incident initially told police that some person had entered the shed and assaulted Victim. They later told police Phillips was the assailant.

---

[1] Portions of this opinion are taken from the court of appeals' opinion by Judge Jack A. L. Goodman.

[2] Because Phillips' Point VI challenges the sufficiency of the evidence, this court relates the facts in the light most favorable to the judgment. *State v. Pike*, 162 S.W.3d 464, 473-74 (Mo. banc 2005).

During a consensual search of Phillips' residence, police found blood and a marijuana cigarette on the shed floor. Police also found Victim's cell phone on Phillips' bed and the SIM card for Victim's phone on a pedestal at the top of the stairs leading to Phillips' bedroom.

Phillips told police he had been away from home during the incident and had arrived "after everything happened." He gave the police the names of three alibi witnesses he asserted would corroborate he was at a church band practice at the time of the incident. The first purported witnesses said she knew nothing and did not want to get involved. The second said he did not see Phillips on the evening in question, and the third said he saw Phillips at band practice but Phillips left "real early."

On December 19, 2018, a warrant was issued for Phillips' arrest, and bond was set. The next day, the warrant was served, and the state filed a felony complaint against Phillips. Phillips posted bond on December 21, 2018. A docket entry indicates "Arraignment Scheduled" for January 9, 2019. On that date, docket entries reflect Phillips appeared in person without counsel, waived formal arraignment, and entered a plea of not guilty.

Private counsel entered an appearance on Phillips' behalf on January 28, 2019, and appeared with him at the next court appearance on February 19, 2019. On March 5, 2019, Phillips appeared with counsel, and a preliminary hearing was conducted. The court found probable cause, and the matter was set over for arraignment. Prior to arraignment, the state on March 11, 2019, filed a felony information was charging Phillips with second-degree

3

robbery, second-degree assault, and felony stealing.[3] On April 11, 2019, Phillips appeared with counsel "for arraignment[,]" during which counsel "waive[d] formal arraignment and enter[ed] a plea of not guilty."

The state filed an amended information 10 days prior to trial. The amended information changed the original second-degree robbery charge to first-degree robbery (Count I), though the factual allegations remained identical to those in the original information as they were already sufficient to satisfy the elements of first-degree robbery. The second-degree assault count (Count II) remained unchanged and alleged Phillips "knowingly caused physical injury to [Victim] by hitting him in the face and body causing multiple lacerations and sever [sic] bruising to his face and both legs." Phillips did not object to the amended information. The felony stealing count was later dismissed in exchange for Phillips' waiver of a jury trial.

A bench trial commenced on Counts I and II in the amended information. The circuit court found Phillips guilty on both counts, noting it did not find the alibi testimony persuasive, specifically stating, "the primary alibi witness … didn't help [Phillips'] case at all." Phillips appeals.

---

[3]    As to the second-degree robbery charge, the original information alleged Phillips "forcibly stole a phone owned by [Victim], and in the course thereof [Phillips] caused serious physical injury to [Victim]." If proven, these allegations would also satisfy the necessary elements for first-degree robbery. *See* § 570.023 ("A person commits the offense of robbery in the first degree if he or she forcibly steals property and in the course thereof he or she … [c]auses serious physical injury to any person[.]").

**Points I and II – the Circuit Court Did Not Plainly Err in Failing
to Appoint Counsel at the January 9 Appearance**

Phillips contends in Points I and II that the circuit court erred in failing to appoint counsel at his January 9 appearance, in violation of Rule 31.02(a) and his constitutional right to counsel at critical stages of the proceedings. Phillips concedes he failed to raise these arguments below and, accordingly, requests plain error review. Whether an unpreserved claim is statutory, constitutional, structural, or of some other origin, "Rule 30.20 is the exclusive means by which an appellant can seek review of any unpreserved claim of error and said claim … is evaluated by this Court's plain error framework without exception." *State v. Minor*, 648 S.W.3d 721, 731 (Mo. banc 2022) (quotations omitted). "Plain error review is discretionary, and this Court will not review a claim for plain error unless the claimed error 'facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted.'" *State v. Brandolese*, 601 S.W.3d 519, 526 (Mo. banc 2020) (quoting *State v. Clay*, 533 S.W.3d 710, 714 (Mo. banc 2017)).

As an initial matter, Phillips contends his January 9 appearance was both his initial appearance and arraignment. While he is correct this appearance was his initial appearance before the circuit court, it could not have been his arraignment because an information was not filed until March 11. *See* Rule 24.01 ("The arraignment shall consist of reading the indictment or information to the defendant."); *see also State v. Heidbrink*, 670 S.W.3d 114, 134 (Mo. App. 2023) (noting "a proper arraignment" cannot be held

prior to the filing of an information or indictment because an arraignment consists of "reading the indictment or information to the defendant and calling on him or her to plead thereto"). Despite the circuit court's docket entry scheduling Phillips' arraignment for January 9, a proper arraignment could not have occurred that day as an information had not yet been filed. This Court, therefore, treats Phillips' January 9 appearance as his initial appearance and addresses whether Phillips was entitled to counsel at that proceeding.

This case comes before this Court in conjunction with four other cases presenting the same right-to-counsel questions. *See State v. Woolery*, No. SC100170, ___ S.W.3d ___ (Mo. banc Apr. 30, 2024); *State v. Logan*, No. SC100265, ___ S.W.3d ___ (Mo. banc Apr. 30, 2024); *State v. Logan*, No. SC100325, ___ S.W.3d ___ (Mo. banc Apr. 30, 2024); and *State v. Mills*, No. SC100303, ___ S.W.3d ___ (Mo. banc Apr. 30, 2024). In *Woolery*, handed down this same day, this Court rejected the same arguments Phillips presents in Points I and II here.

In *Woolery*, this Court explained Rule 31.02(a) does not guarantee the presence of counsel at an initial appearance because the rule expressly contemplates that a defendant "may be without counsel upon his first appearance" and obligates the circuit court to appoint counsel only upon a showing and determination of indigency. *Id.* at 11-13. Phillips concedes he made no such showing and no determination of indigency was made before his first appearance – rather, he obtained private counsel.

This Court further held in *Woolery* that an initial appearance is not a critical stage of a criminal prosecution triggering the constitutional right to counsel because such proceeding does not involve "a trial-like confrontation" during which a lack of counsel

6

"would impair defense on the merits." *Id.* at 13-15. At an initial appearance, we explained "a defendant is not required to enter any plea, assert any right or defense, or otherwise engage in a trial-like confrontation with the state at this perfunctory appearance[.]" *Id.* at 15. As such, "the only way [Phillips'] claim may succeed is if he suffered some recognizable prejudice from counsel's absence" at his initial appearance. *Id.* at 18.

Phillips provides no meaningful explanation of how the lack of counsel at his January 9 appearance, during which he appeared and pleaded not guilty, resulted in any prejudice to him during trial.[4] "The entry, without more, of a plea of not guilty, as distinguished from a plea of guilty, without the presence of counsel could not have resulted in any disadvantage to defendant or advantage to the [s]tate." *Montgomery v. State*, 461 S.W.2d 844, 846 (Mo. 1971). Points I and II are denied.

---

[4] Phillips argues Rule 24.04(b)(3) required him to raise any objection based on defects in the institution or prosecution by motion "before the plea is entered[.]" As explained above, a defendant is not required to enter a plea at an initial appearance. Phillips appears to argue that, because he did, in fact, enter a plea of not guilty on January 9, he lost the opportunity to later file a motion under Rule 24.04(b)(3) and was thereby prejudiced. That rule explicitly provides, however, if such a motion is not made before the plea is entered, "the court may permit it to be made within a reasonable time thereafter." Rule 24.04(b)(3). Thus, Phillips did not lose the opportunity to later file a motion under Rule 24.04(b)(3).

**Point III – Phillips Was Not Entitled to a Transcript or Recording of His January 9 Appearance Because That Appearance Was Not an Arraignment**

Phillips next asserts the circuit court plainly erred in failing to preserve a transcript or recording of his January 9 initial appearance, thereby denying him meaningful review of his right-to-counsel claims. Phillips bases his claim on Rule 31.02(b), which states, "[i]f a defendant in a felony case appears for ***arraignment*** without counsel, and if appointment of counsel is waived by the defendant, the reporter shall prepare a transcript of such proceeding and file it in the case." (Emphasis added). Because Phillips' January 9 appearance was not an arraignment, as set forth above, the circuit court had no obligation under Rule 31.02(b) to prepare a transcript of that proceeding.

Moreover, Phillips does not argue he waived counsel prior to or during his January 9 initial appearance. This is another express condition necessary to trigger Rule 31.02(b). In addition, the absence of a transcript or recording of Phillips' January 9 initial appearance did not hamper this Court's ability to meaningfully review his Points I and II. *See State v. Middleton*, 995 S.W.2d 443, 466 (Mo. banc 1999) (While "[a]n appealing party is entitled to a full and complete transcript for the appellate court's review[,] … [an appellant] is entitled to relief … only if he exercised due diligence to correct the deficiency in the record *and* he was prejudiced by the incompleteness of the record."). Point III is denied.

**Points IV and V – the Circuit Court's Decision to Permit the State to Amend the Felony Information Did Not Create Manifest Injustice or a Miscarriage of Justice**

Phillips next argues the circuit court erred in allowing the state to amend the felony information because the amended information prejudiced him. Rule 23.08 permits the amendment of an information "at any time before verdict or finding if: (a) No additional or different offense is charged, and (b) A defendant's substantial rights are not thereby prejudiced." "The test for determining prejudice is whether the planned defense to the original charge still would be available after the amendment and whether the defendant's evidence would be applicable before and after the amendment." *State v. Seeler*, 316 S.W.3d 920, 926 (Mo. banc 2010).

"This Court reviews a trial court's decision to allow an amendment of a charging document for abuse of discretion." *Id.* at 925. To preserve a claim of error, however, an objection must "be made contemporaneous with the purported error" with "sufficient specificity to apprise the trial court of the grounds for the objection." *State v. Nelson*, 505 S.W.3d 437, 442 (Mo. App. 2016) (citing *State v. Driskill*, 459 S.W.3d 412, 426 (Mo. banc 2015), and *State v. Amick*, 462 S.W.3d 413, 415 (Mo. banc 2015)). Phillips made no such objection at the time of the amendment, so any appellate review would be for plain error under Rule 30.20. Phillips, therefore, must show that his claimed error "facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted" to meet the threshold to obtain plain error

review. *Brandolese*, 601 S.W.3d at 526 (quotation omitted). Phillips has not satisfied this threshold.

Phillips contends in Point IV his alibi defense was frustrated by the amendment of the robbery charge because, unlike the originally charged second-degree robbery count requiring the state to prove Phillips himself caused the injury, first-degree robbery allows the state to prove another participant in the offense, rather than Phillips himself, caused the injury in the course of the robbery. *See* § 570.023.1 ("A person commits the offense of robbery in the first degree if he or she forcibly steals property and in the course thereof he or she, ***or another participant in the offense*** … [c]auses serious physical injury to any person[.]" (emphasis added)). Phillips contends the state's amendment of his charge to first-degree robbery the day before trial rendered his alibi defense, which was that he was not present at his house during the incident, unhelpful because he could still be found guilty under first-degree robbery if the circuit court found another participant caused the physical injury. Phillips' argument lacks merit.

As an initial matter, Phillips ignores that the first-degree robbery charge still required the circuit court to find that Phillips himself, not another participant, forcibly stole Victim's property. Regardless of whether the state intended to prove it was another participant who inflicted the serious injury, the state, nonetheless, had to prove Phillips himself stole the Victim's property. Phillips' purported alibi that he was not present during the incident, if believed, would have refuted this element. Moreover, there is no evidence that, by amending his robbery charge, the state changed its theory that Phillips was himself responsible for causing injury to Victim. Indeed, the factual

10

allegations in the robbery charge remained unchanged by the amendment – that Phillips "forcibly stole a phone owned by [Victim], and in the course thereof [*Phillips*] caused serious physical injury to [Victim]." (Emphasis added). The persuasiveness of Phillips' alibi was unaltered by the amendment to the felony complaint. Phillips' Point IV has not established manifest injustice.

Phillips further contends in Point V that the circuit court's decision to permit the state to amend the robbery charge was plainly erroneous because he was entitled to, but did not receive, a preliminary hearing on the amended information pursuant to section 544.250.[5] Phillips makes no showing, however, of manifest injustice or that a miscarriage of justice resulted from the circuit court's failure to conduct another preliminary hearing on the same robbery facts that had already been considered. Nor does Phillips explain how this purported error altered the outcome of his trial. *See Deck v. State*, 68 S.W.3d 418, 427

---

[5] Section 544.250 provides:

> No prosecuting or circuit attorney in this state shall file any information charging any person or persons with any felony, until such person or persons shall first have been accorded the right of a preliminary examination before some associate circuit judge in the county where the offense is alleged to have been committed in accordance with this chapter. And if upon such hearing the associate circuit judge shall determine that the alleged offense is one on which the accused may be released, the associate circuit judge may release him as provided in section 544.455 conditioned for his appearance at a time certain before a circuit judge, or associate circuit judge who is specially assigned, and thereafter as directed by the court to answer such charges as may be preferred against him, abide sentence and judgment therein, and not to depart the court without leave; provided, a preliminary examination shall in no case be required where same is waived by the person charged with the crime, or in any case where an information has been substituted for an indictment as authorized by section 545.300.

11

(Mo. banc 2002) ("[U]nder Missouri law, plain error can serve as the basis for granting a new trial on direct appeal only if the error was outcome determinative[.]").  Phillips has failed to meet the threshold required for plain error review.  Points IV and V are denied.

**Point VI – the Circuit Court Did Not Err in Overruling Phillips' Motion for Judgment of Acquittal on the First-Degree Robbery Count Because There Was Sufficient Evidence That Victim Suffered Serious Physical Injury**

In Point VI, Phillips alleges the state failed to prove beyond a reasonable doubt that Victim suffered serious physical injury, as was required for a first-degree robbery conviction.  "An appellate court's review of the sufficiency of the evidence to support a criminal conviction is limited to determining whether there is sufficient evidence from which … any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt."  *State v. Porter*, 439 S.W.3d 208, 211 (Mo. banc 2014) (quotation omitted).  This Court accepts as true all evidence and inferences favorable to the state and rejects all evidence and inferences to the contrary.  *Id.*

Section 556.061(44) defines "serious physical injury" as "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body[.]"  It has been held that "a defendant strangling or striking the victim to a loss of consciousness supports a … finding that serious physical injury occurred."  *State v. Madrigal*, 652 S.W.3d 758, 767 (Mo. App. 2022).  The continual infliction of injuries to a victim after being rendered unconscious has also been held to support a finding of serious physical injury.  *State v. Hall*, 561 S.W.3d 449, 453-54 (Mo. App. 2018).

When viewed in the light most favorable to the circuit court's decision, the record contains sufficient evidence from which the circuit court reasonably could have found Phillips created a substantial risk of death to Victim, satisfying the element that Phillips caused serious physical injury. Evidence was adduced that Phillips came up behind Victim and punched him in the back of the head, causing him to fall to the ground, briefly lose consciousness, break an orbital bone, and break his nose. Phillips and the other assailants then continued to beat Victim, who was unable to get up until after the beating stopped. From these facts, a reasonable fact-finder could have found Phillips caused serious physical injury to Victim. Point VI is denied.

## Point VII – Phillips Was Not Prejudiced by the Deficiency in the Second-Degree Assault Charge

In his final point, Phillips argues the second-degree assault charge in the amended information was deficient because it did not contain an allegation that the injuries were caused "by means of deadly weapon or dangerous instrument," which he contends is an essential element of the crime under subdivision (2) of section 565.052.1. Section 565.052.1 provides:

A person commits the offense of assault in the second degree if he or she:

(1) Attempts to kill or knowingly causes or attempts to cause serious physical injury to another person under the influence of sudden passion arising out of adequate cause; or

(2) Attempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument; or

(3) Recklessly causes serious physical injury to another person; or

13

(4) Recklessly causes physical injury to another person by means of discharge of a firearm.

The amended felony information alleged Phillips committed second-degree assault by "knowingly caus[ing] physical injury to [Victim] by hitting him in his face and body causing multiple lacerations and sever [sic] bruising to his face and both legs." If the state intended to prove Phillips committed the assault by means of subdivision (2), Phillips argues the information lacked the requisite statutory language that he did so "by means of a deadly weapon or dangerous instrument."

Phillips raises this argument for the first time on appeal.[6] As such, "the scope of [this Court's] review is narrow[.]" *State v. Briscoe*, 847 S.W.2d 792, 794 (Mo. banc 1993).

> When the issue is raised for the first time after verdict the indictment or information will be deemed insufficient only if it is so defective that (1) it does not by any reasonable construction charge the offense of which the defendant was convicted or (2) the substantial rights of the defendant to prepare a defense and plead former jeopardy in the event of acquittal are prejudiced. In either event, a defendant will not be entitled to relief based on a post-verdict claim that the information or indictment is insufficient unless the defendant demonstrates actual prejudice.

*Id.* Moreover, "[i]n determining the sufficiency of the information, this [C]ourt must look at it from its four corners, and in its entirety." *City of Perryville v. Larose*, 701 S.W.2d 202, 204 (Mo. App. 1985).

---

[6] Phillips argues he raised this issue in his oral motions for directed verdict and written motions for judgment of acquittal. None of these motions, however, contained substantive argument about the specific issue outlined in Phillips' Point VII; therefore, the circuit court was not apprised of any objection to the amended information relating to an alleged defect in the second-degree assault count.

When looking at the information from its four corners and in its entirety, it can be reasonably construed to charge Phillips with second-degree assault through subdivision (3) of section 565.052.1, which required the state to prove Phillips "recklessly cause[d] serious physical injury to another person[.]" Although the information alleged Phillips "knowingly" – not "recklessly" – caused injury, recklessness is established if a person acts knowingly, as the former is encompassed in the latter. *See* § 562.021.4 ("When recklessness suffices to establish a culpable mental state, it is also established if a person acts purposely or knowingly.") And, while the second-degree assault count omits the word "serious" before "physical injury," the amended information in its entirety sufficiently put Phillips on notice that the state intended to show he caused serious physical injury to Victim, as such injury was explicitly charged in the first-degree robbery count. Phillips does not explain how his defense as to the serious physical injury in the first-degree robbery count, which he does not contest he had adequate opportunity to prepare, would not also serve as a defense to the second-degree assault count.

Regardless, it is dispositive that Phillips has made no attempt to show he was actually prejudiced or that the outcome would have been different absent the alleged deficiency. He does not explain how the alleged defect rendered the information insufficient to inform him of his charges or prohibited him from preparing an adequate defense. *See State v. Rohra*, 545 S.W.3d 344, 347 (Mo. banc 2018) ("The purpose of an indictment or information is to inform the accused of charges against him so that he may prepare an adequate defense and to prevent retrial on the same charges in case of an acquittal."). While this Court does not condone the deficiencies in the second-degree

15

assault charge, Phillips has not demonstrated these deficiencies actually prejudiced him.

Point VII is denied.

## Conclusion

Finding no error, the circuit court's judgment is affirmed.

_____

Robin Ransom, Judge

Russell, C.J., Powell, Fischer, Wilson and
Broniec, JJ., concur.  Gooch, J., not participating.